No. 1355.—STATE *v.* CHARLES O'BRIEN.

In a verdict of guilty of murder, the jury added a recommendation of the prisoner to the mercy of the court. Held—That this addition was not a qualification of the verdict.

APPEAL from First District Court of New Orleans. *Abell,* J. *A. S. Herron,* Attorney General, for the State. *H. C. Castellanos,* for defendant and appellant.

HOWELL, J. The defendant has appealed from a judgment sentencing him to imprisonment for life in the penitentiary for the crime of

murder, and the points for our review are presented in his motion in the court below for a new trial:

*First*—The evidence is insufficient to establish a moral certainty of guilt. This question is not within our jurisdiction.

*Second*—The court erred in intimating that the jury would not, under the evidence, be justified in finding the prisoner guilty of manslaughter.

There is nothing in the record to show that the judge *a quo* so charged the jury.

*Third*—The verdict rendered was qualified in language which rendered it null and void.

The qualification consists in adding to the verdict of guilty without capital punishment, a recommendation to the mercy of the court. The verdict, without this addition, was responsive to the whole issue, and the recommendation must be considered surplusage. State *v.* Bradley, 6 An. 560.

We can discover no cause for disturbing the judgment, and it is, therefore, affirmed, with costs.