## No. 4811.

STATE OF LOUISIANA *v.* GAETANO ROSA AND ROSA ROSA.

Where the bill of exceptions was to the putting of leading questions by the Attorney General to one of the witnesses under the pretense that the person testifying was an unwilling witness, and without having first propounded preliminary questions to the witness, and without a refusal by the witness to answer questions propounded to her in legal form on the examination in chief, which was permitted by the court, and all the leading questions were answered by the witness; and where the judge *a quo* subjoined to this statement in the bill of exceptions his own statement why he had permitted this course;

Held—That the circumstances which induced the judge *a quo* to permit the mode of interrogation used by the Attorney General constitute matter of fact which it is not necessary to examine, as upon the bill of exceptions the court thinks the ruling correct.

Where the exception was to the refusal of the judge *a quo* to send the jury back for further deliberation, after the jury had returned a verdict of guilty against the defendant Gaetano Rosa accompanied with the recommendation of mercy—the request being predicated upon the declaration of the foreman of the jury that, in rendering the verdict with recommendation to mercy, it was expected that the court might be enabled to inflict a milder sentence;

Held—That the exception is not well founded and must be overruled.

The court *a qua* decided correctly that the jury was sworn to bring in a verdict, and that the recommendation to clemency was mere surplusage.

APPEAL from the First District Court, parish of Orleans. *Abell,* J. Criminal case. *A. P. Field,* Attorney General, for the State. *D. M. C. Hughes,* for defendants and appellants.

TALIAFERRO, J. The defendants having been indicted and tried for the crime of arson, one of them, Geatano Rosa, was convicted and sentenced to hard labor in the penitentiary during his natural life. From this judgment he has appealed. The other defendant, Rosa Rosa, was acquitted.

We are furnished with no brief in this case, nor is there a statement of facts presented. We find, however, two bills of exceptions. The first is to the putting of leading questions by the Attorney General to one of the witnesses, under the pretense that the person testifying was an unwilling witness, and without having first propounded preliminary questions to the witness, and without a refusal by the witness to answer questions propounded to her in legal form on the examination in chief, which irregular and illegal course was permitted by the court, and all the leading questions were answered by the witness. The court sub‑

joins to this statement in the bill of exceptions that the witness had failed to obey the summons of the court and eluded the officers of the court aided by the police for several days, causing one continuance of the case. That when brought into court by attachment and placed upon the stand she hesitated to testify, and when she did, her answers were evasive and for the purpose of contradicting and covering up the testimony given before the recorder; that the demeanor of the witness on the stand satisfied him that she was an unwilling witness or in the interests of the defendants.

The circumstances which induced the judge *a quo* to permit the mode of interrogation used by the Attorney General, constitute matter of fact which it is not necessary to examine, as from the bill of exceptions we think the ruling correct. The other bill of exceptions is to the refusal of the judge to send the jury back for further deliberation, after the jury had returned a verdict of guilty against the defendant Gaetano Rosa accompanied with the recommendation of mercy, the request to send back the jury, for further deliberations being predicated upon the declaration of the foreman of the jury that in rendering the verdict with recommendation to mercy, the court might be enabled to inflict a milder sentence.

The court sustained the objections of the Attorney General to such a course, and decided correctly, we think, that the jury was sworn to bring in a verdict of guilty or not guilty, and that the recommendation to clemency was mere surplusage, founding its decision on the case of the State *v.* Bradley, 6 An. 555.

It is ordered that the judgment of the district court be affirmed.