The opinion of the court was delivered by
Nicholls, C. J.
The defendant, having'been indicted for murder, was on trial convicted of manslaughter and sentenced to the penitentiary for the period of seven years. He has appealed, relying upon the following grounds set up in a motion for a new trial, which was overruled:
1. That the court allowed assistant counsel for the State to close the argument.
2. That the court allowed the assisting counsel for the prosecution to state to the jury in the closing argument that he believed said accused to be guilty.
*1156 8. That the court erred in charging the jury that it was involuntary manslaughter “ where in a scuffle to disarm a person a pistol or gun is accidentally discharged and kills a person.”
On the first two grounds bills of exception were reserved, but the last objection was set up for the first time in the motion for a new trial, and no exception was taken to the adverse ruling upon this motion.
No objection is urged to the employment of an assisting counsel for the prosecution and no claim is made that the State was not entitled to the closing argument, but it is contended that this argument should have been made by the district attorney himself. Counsel for the accused in his brief says that “ when the district attorney engages assisting counsel, it was held by this court in State vs. Anderson, 29 An. 774, the latter might open and close the argument, but that in the present case the assisting counsel was not employed by the district attorney. His appearance was by sufferance.” There is nothing in the record to show by whom this counsel was engaged or under what circumstances he took part in the proceedings. There is no evidence of the existence of the particular fact on the strength of which this case is sought to be taken from under the ruling in that of Anderson, and the decision in the latter determines adversely to the accused his first ground of complaint.
The second ground is thus stated by counsel in the bill of exceptions having relation to it: “On the trial of this case the assisting counsel for the prosecution stated in the closing argument that he believed the accused to be guilty, to which statement counsel for accused objected and excepted, and that the judge did not charge the jury to disregard said statement by said counsel.”
Before signing the bill the district judge added: “The assistant counsel for prosecution immediately added that he believed the accused guilty from the evidence, and that the jury should go by the evidence and not by his opinion.”
Counsel for the accused cite a number of decisions in support of his proposition that it is highly improper and unfair in a district attorney to declare to the jury that he believes the accused to be guilty, and that such a declaration warrants a new trial, among others that of People vs. Hess (Mich.), 48 N. W. Rep.; Raggio vs. People, 26 N. E. Rep.; Bery vs. The State, 10 Ga. 511, 522; Metchum vs. The State, 11 Ga. 615.
*1157 In State vs. Duck, 35 An. 764, this court said: “ Accused charged error in the refusal of the district judge to stop the district attorney in the course of the latter’s argument at the request of counsel for accused, charging that the district attorney was making an improper and unfair argument to the jury. There is no force in this complaint. This court can not and will not interfere with district judges in the manner of controlling their courts or of enforcing rules of propriety and decorum on the officers of the court.-
That a district attorney should not throw the weight of his personal influence into the case which he is conducting as a public official by announcing his individual opinion and belief as to the guilt if an accused is undoubtedly true. In the case at bar the assistant counsel after making the statement that he believed the accused guilty, modified it immediately by saying “he believed him guilty under the evidence, and that the evidence should go by the evidence, and not by his opinion.”
As so modified the private opinion of the counsel was still before the jury — and the expression was one which should not have been used. The bill of exception states that the accused excepted to it, and that the judge did not charge the jury to disregard said statement.
There was no demand made on the judge to stop the argument or to chai’ge the jury to disregard the statement, and no refusal on his part to comply with any request made on him in respect to it. Had the accused desired any action on the part of the judge he should have asked it.
The remark does not seem to have been reiterated, and the verdict rendered would not indicate that it carried with it any influence on the jury.
The third ground, leveled at a sentence in the judge’s charge, was set up for the first time after verdict. This court has repeatedly declared it to be the duty of the accused, at the time a charge is made, to make known any objections he might have to the end that the judge’s notice may be drawn to them and enable him to either strike out, modify or enlarge the instructions. 25 An. 147; 29 An. 364; 30 An. 536; 39 An. 229; 34 An. 104; 35 An. 543; 37 An. 57; 38 An. 497.
Defendant’s counsel cite State vs. Baird, 34 An. 104, and State vs. Curtis, 34 An. 1214, as cases in which we reviewed charges of a judge, although objections had not been made at the time of its delivery and no bill of exception had been reserved.
*1158 In the first of these cases we said: “ We held in State vs. Ricks, 32 An. 1098, that where the charge was in writing and embodied in the record we would notice errors under proper assignment thereof, although not presented by bill of exceptions;” but we also further said that only in case of gross and unambiguous error would we do so.
There has been no assignment of error in this court, and reference has been made to the judge’s charge only in the brief of defendant’s counsel.
We may say, however, that we have examined it and we discover “no gross and unambiguous error” in it.
Counsel has selected one of its sentences and attacked it as being erroneous, because, as be says, “not directly and pertinently coupled” with another portion which the court actually gave to the jury, and by reason of that fact calculated to mislead. We do not think the jury was misled. The charge was obviously made in view of and with reference to the facts of the particular case, of which we have no knowledge, but which the court and jury had before them and understood.
It is not pretended that the charge as made was not applicable to and justified by the facts, nor that taken as a whole it misstates the law.
It is simply contended that the charge was inartificially drawn, and therefore liable to mislead. The charge did not apparently so impress the accused on the trial. If it did so impress him it was his duty to have seasonably called for an alteration of its form.
For the reasons herein assigned the judgment appealed from is hereby affirmed.