No. 14,462.

STATE OF LOUISIANA VS. JAKE BLACKMAN.

SYLLABUS.

The district attorney, in his closing argument, used this language:—"If there is a man on that jury who does not believe this man ought to be hung, then I say he is a weakling, not possessed of the proper manhood, and is unfit to sit on the jury." Counsel for the prisoner at the bar immediately objected to this statement as improper and prejudicial to the accused and reserved a bill. The trial judge did not interfere at the time, nor did he subsequently refer to the matter in his charge. *Held*—sufficient cause for reversal of verdict.

A PPEAL from the Tenth Judicial District, Parish of Concordia—*Dagg, J.*

*Walter Guion,* Attorney General, and *Hugh Tullis,* District Attorney (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*John Dale,* for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J. Defendant was indicted for murder, tried by jury, found guilty and sentenced to death.

He appeals.

In the course of his closing argument for the State, the District Attorney said, in substance, that "if there is a man on that jury who does not believe this man ought to be hung, then I say he is a weakling, not possessed of the proper manhood, and is unfit to sit on the jury."

Counsel for the accused immediately objected to this language as

improper and prejudicial to his client, and reserved a bill of exceptions against the same.

Subsequently, he applied for a new trial on the ground that the language excepted to was not such as the District Attorney could legally use, and that it was calculated to prejudice and did prejudice the jury against the accused.

On the trial of this motion the District Attorney, called as a witness, admitted he had used, substantially, the language quoted, but that it was said in connection with an admonition to the jury that each of them had sworn he was not opposed to capital punishment.

The motion being overruled, the bill of exceptions referred to was presented and signed. It is considered a bill taken to the language objected to, and to the court's refusal to grant the new trial applied for on that ground.

After quoting the language and stating the accused's objection to it, the bill recites that the District Attorney did not retract what he had said, nor tell the jury not to regard the same. Neither was the trial judge asked to instruct the jury not to regard the same, and he did not give such instruction.

It is also stated that the remark of the District Attorney was not provoked by anything said in argument by counsel for the accused. The bill contains nothing in the way of a statement by the judge himself.

*Ruling*—In prosecutions for capital crimes, juries in this State are given by the law discretion as to the punishment to be inflicted on the accused found guilty. Thus, a verdict "guilty as charged" would mean the infliction of the death penalty; while a verdict "guilty without capital punishment" would mean life imprisonment at hard labor.

It is the only case—prosecutions for capital offenses—where juries are permitted to have anything to do or say with regard to the sentence to be pronounced upon persons convicted of crime.

In a murder trial the jury may be convinced of the guilt of the accused, and yet there may be some mitigating circumstance, or other consideration, superinducing to the infliction of a penalty less than death. The law vests this power of mitigation in the jury and not the judge.

They must be left free to its full and untrammeled exercise, under proper instructions by the court.

It is not for the District Attorney, prosecuting on behalf of the State, to harangue the jury as to the punishment that should be meted out to the guilty culprit, and tell them, in substance, that if they do not bring in a verdict that will hang the man, instead of sending him to the penitentiary, they are weaklings, devoid of manhood and lacking in the qualities necessary to fit them for the proper discharge of the duties of citizenship relating to the jury service.

The District Attorney, in this case, did not content himself with demanding of the jury that they find the accused guilty; he did not confine himself to expressing his opinion, based on the proof administered, of his guilt. He went further. He demanded, under penalty of his scorn and contempt if they did otherwise, that a verdict be brought in that would hang the man.

It was a trenching on the province of the jury not permissible. The language used was intemperate and improper. It was calculated to unduly influence the jury in deciding on the punishment to be inflicted on the guilty man—something with which the prosecuting officer has nothing to do.

If they do not believe he should hang, the District Attorney expresses his opinion of them in advance that they are weaklings.

If they should reach, in their consultations in the jury room, the conclusion he should not be consigned to the gallows, they are, in anticipation, denounced by him who represents the State as without courage or manhood and unfit to discharge one of the most ordinary of the duties of citizenship.

It was an appeal to the jury not merely to reach the conclusion of guilt, which was proper, but an admonition to them that they would be recreant in their duty if they returned a qualified verdict, which under the law they had the right to do, and as to which they should have been left the sole judges, unbiased by the forcible assertion of the prosecutor's opinion.

A District Attorney should not throw the weight of his personal influence into a case which he is conducting as a public officer by announcing his individual opinion that the accused deserved hanging. State vs. Mack, 45 La. Ann. 1157.

In State vs. Jones, 51 Ann. 103, it was stated that where a prosecuting officer abuses the privilege of argument to the manifest prejudice of the accused, it is the duty of the trial judge to interfere, and if he

fails to do so, and the impropriety is gross, it is good ground for reversal.

We must hold the instant case comes within the rule thus announced.

Though the District Attorney's statement was objected to by counsel for the accused, it does not appear that the trial judge interfered, and though the matter was by the exception reserved called specially to his attention, he did not in his charge to the jury refer to it in any way.

In State vs. Thompson, 106 La. 366, this court said:

There is ample authority in support of the doctrine that it is reversible error for the trial judge to fail, of his own motion, to give such instructions as will efface from the minds of the jurors the impression made by statements of counsel which are unauthorized and prejudicial, and there are many cases in which it has been held the wrong done is not remedied even by such instructions.

And the court, in that case, quoted as follows from Nelson vs. Welch, 115 Ind. 270:

Where the party who is injured by the wrong calls for the intervention of the court, upon objections, it will not do for the court to remain silent, leaving the matter of misconduct with the offending party and the jury.

The Thompson case which was a trial for murder, is the latest expression of this court on the question we are dealing with. There the prosecuting officer, in his closing argument, referring to the widow of the deceased who had been examined as a witness for the State, said:—

I will say nothing to you of her six fatherless little children.

Counsel for the accused objected and excepted on the ground that no evidence had been offered relative to such children. No action was taken by the trial judge and he did not, either at the moment or subsequently in his charge, instruct the jury to disregard the unauthorized reference complained of. The verdict and sentence were set aside, notwithstanding no demand was made on the judge by counsel for the accused for instructions to the jury in the matter.

Had the judge, in the case at bar, on objection made interfered, and either then, or later in his charge, instructed the jury that the District Attorney had no right to use the language complained of, and for them to give no heed to it, and otherwise instructed them as to

their rights and duties with regard to the character of verdict the law authorized them to return, we would hold that this saved the error of the prosecuting officer from vitiating the verdict.

But in the absence of such action by the judge we are constrained to remand the case.

It is, therefore, ordered, adjudged and decreed that the verdict and sentence appealed from be set aside and that the case be remanded for further proceedings according to law.