LAND, J.
On April 15, 1905, the grand jury of Richland parish returned a true hill for murder against the defendants.
At the November term following a severance was ordered by the court on the motion of the state. Both of the defendants excepted.
On November 23, 1905, a motion for change of venue was made by counsel for Mrs. AVhite. This motion was tried and overruled, and defendants excepted.
The case against Mrs. White was tried, and the result was a mistrial.
At the March term of court in 1906, Mrs. White was again tried, and the jury found her guilty of manslaughter, and asked for her the mercy of the court.
. A motion for a new trial was overruled, and the court sentenced Mrs. White to imprisonment at hard labor for the term of 20 years. From this sentence defendant has appealed.
It appears from the record that the deceased, W. H. White, died from the effects of poison, and that his widow, Mrs. Bettie E. White, and her codefendant, Manford Cook, were charged with the conupission of the crime.
Mrs. White’s defense seems to have been that her husband was a constant user of morphine, strychnine, and other poisonous drugs, and that he came to his death by his own hands.
In considering the case, we will discuss the points in the order in which they are raised in defendants’ brief.
No. 1.
The first objection is that the sentence is excessive, and not responsive to the verdict, which recommended the defendant to the mercy of the court. The jury had nothing to do with the quantum of punishment, and the. sentence did not exceed the maximum, penalty prescribed by law in such cases.
The recommendation' to the mercy of the-court was no qualification of the verdict, and. was mere surplusage. State v. Bradley, 6. La. Ann. 555; State v. O’Brien, 22 La. Ann. 27 ; State v. Rosa, 26 La. Ann. 75.
No. 2.
The defendant excepted to the following-charge given by the judge to the jury;
“In all cases, where the charge of murder-is preferred, the jury, can, under the law, return a verdict for manslaughter.”
The argument is that the defendant was charged with murdering by poisoning, and. that the offense necessarily implied premeditation and excluded the passion which is the essential element of manslaughter. Hence,, the jury should have been charged that they could find the defendant guilty or not guilty of murder, and that they could not find her guilty of manslaughter.
The charge was in strict conformity with-the provisions of section 785 of the Revised Statutes of 1870, and its omission would have been a fatal error. State v. Brown, 40 La. Ann. 725, 4 South. 897; State v. Clark, 46 La. Ann. 704, 15 South. 83; State v. Jones, 46 La. Ann. 1395, 16 South. 369; State v. Thomas, 50 La. Ann. 148, 23 South. 250.
No. 3.
After the judge had given his charge in-writing to the jury, counsel for defendant requested the following special charges:
“That it must be shown to the satisfaction-of the jury in such case: First. * * * That the accused administered the poison herself; or, second, * * * that she procured another-to- administer it; or, third, * * * that the-accused stood by and advised, abetted, or in- . duced another to administer it; or, fourth, * * * that she procured and placed the poison where the deceásed could get it with intent that the deceased should take it.”
The court refused to give the special charges requested for the reason that they were-fully and amply covered by the general charge.
*117 The written charge contains- all the usual instructions given on murder trials.
The jury was told that in order to convict the defendant of murder the evidence should satisfy their minds beyond a reasonable doubt that the deceased was killed by the defendant, “willfully and with premeditation and deliberation.”
In a subsequent part of the charge the judge said:
“In order to convict the defendant of the crime of murder, in the event that you find that William H. White was killed, it is not necessary to show that defendant actually administered the poison, but it would be sufficient if it should show that the defendant was present and aiding and abetting another to commit the offense. In such event, she would be as guilty under the law as the person who did administer the poison. Or, if you should find that the defendant entered into an agreement or conspiracy to take the life of the deceased, and pursuant to that intent and according to the common design, one of the persons took his life, the defendant, though not present, would be as guilty under the law as if she had taken his life.”
The first and third subdivisions of the special charges are clearly embraced in the general charge. The fourth subdivision is included in the general proposition that the defendant herself killed the deceased. If not, the general charge was more favorable to the defendant than the requested special charge “that she procured and placed the poison where the deceased could get it with the intent that the deceased should take it.”
The second subdivision, “that she procured another” to administer the poison, is fairly embraced in the general charge relative to an agreement or conspiracy” to take the life of the defendant.
Both of these requested charges imply that the defendant may he convicted of murder by poisoning, though absent at the time when the poison was administered or taken, while the general charge instructs the jury to convict in such a case on satisfactory proof of “an agreement or conspiracy” to take the life of the defendant.
Hence, if these two requested special charges are not embraced in the general charge, there is no error shown to the prejudice of the defendant as their omission increased the chances of her acquittal.
While our statutes forbid the trial judge “to give any opinion as to what facts have been proved or disproved” (Rev. St. § 991), he is not required to charge abstract propositions of law. The defendant was either present or absent when the poison was administered to her husband or was taken by him.
If she was present, the second and fourth special charges presented purely abstract propositions of law which had nothing to do with the case, and if she was absent, the first and third special charges were inapplicable.
The bill contains no recital of facts tending to show that the special charges were pertinent to any particular phase of the evidence.
The ruling of the trial judge, if not correct, worked no prejudice to the defendant
No. 4.
The state offered in evidence two letters purporting to have been written by the defendant, which were admitted over the objections of her counsel, who reserved a bill of exception to the ruling of the court.
The two letters referred to are not annexed to the bill of exceptions, and are not to be found in the transcript. We have no means, therefore, of determining the materiality of the contents of said letters. Non constat that their admission worked prejudice to the defendant. State v. Farrier, 114 La. 579, 38 South. 460.
There are other bills of exception in the record, which are not noticed in the brief of counsel for defendant, and are therefore presumed to have been abandoned. On their face, they seem to be without merit.
Judgment affirmed.