(49 South. 601.)

No. 17,573.

STATE v. CUNNINGHAM.

(May 24, 1909.)

1. FACTS.

The trial judge's statement regarding certain facts, brought up on appeal for review in connection with the point of law to which these facts gave rise, differ somewhat from the account as given and as understood by the defense.

2. COMPLAINT NOT TIMELY URGED.

It is not disputed that the court instructed the jury, and that no bill of exceptions after the instruction—in fact, no bill of exceptions at all—was taken during the trial.

3. OBJECTIONS RAISED ON MOTION FOR NEW TRIAL.

On the application for a new trial the points that had arisen during the trial, and to which no objection was urged after the court had instructed the jury, were raised anew for a new trial.

4. CRIMINAL LAW (§ 1048*)—PRESENTATION AND RESERVATION OF GROUNDS OF REVIEW—EXCEPTION NOT TAKEN IN TIME.

The court ruled correctly. It was too late to raise the point, even if it had merit originally.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2670; Dec. Dig. § 1048.*]

5. CRIMINAL LAW (§ 730*) — ARGUMENT OF DISTRICT ATTORNEY—ACTION OF COURT.

The district attorney's statement in argument was not noted at the time, and no bill of exceptions taken. He was checked by the court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1693; Dec. Dig. § 730.*]

6. CRIMINAL LAW (§ 957*) — NEW TRIAL — IMPEACHMENT OF VERDICT BY JUROR.

The jurors could not be heard to impeach their own verdict.

[Ed. Note—For other cases, see Criminal Law, Cent. Dig. §§ 2392–2395; Dec. Dig. § 957.*]

(Syllabus by the Court.)

Appeal from Twenty-Seventh Judicial District Court, Parish of Ascension; Paul Léche, Judge.

Alex Cunningham was convicted of murder, and he appeals. Affirmed.

Gustavus Adolphus Gondran, for appellant. Walter Guion, Atty. Gen., and Philip Henry Gilbert, Dist. Atty. (Ruffin Golson Pleasant, of counsel), for the State.

BREAUX, C. J. The defendant was charged with having taken the life of Jos. Schneider.

The grand jury of the parish of Ascension found a true bill against him on the 25th day of February, 1909.

The date of the alleged crime was November 21, 1908.

He was placed on his defense, and on the 10th day of March, 1909, he was found guilty without capital punishment.

He appealed, and presents as grounds for reversing the verdict and the judgment that hearsay testimony was permitted to go to the jury, and in the second place that the district attorney in closing his argument referred to evidence which had been excluded by the court and thereby illegally influenced the jury.

A brief statement of the pertinent facts is in place before taking up a discussion of the points argued at bar and in briefs.

It is a fact that in the course of the examination of the witnesses no bill of exceptions was reserved.

The record before us discloses that the first time the objection urged was raised was in the motion for a new trial, in which learned counsel for the accused sets out the circumstances connected with the testimony of one of the witnesses, who said that he had heard the daughter of the accused say, speaking of her father, "Pa ought not to have done that," when she heard a shot fired.

Counsel for the accused objected to the statement of the witness as to what he had heard out of the presence of the accused as irrelevant and inadmissible and as not forming part of the res gestæ.

That the objection was maintained by the court, but that the district attorney thereafter attempted to have the testimony ad-

mitted. That again on the cross-examination the witness attempted to testify as to this statement of the daughter of the accused, but that the testimony was not admitted. That none the less the district attorney, in closing the argument, referred to this incident in words as follows:

"Now, what does the daughter of the accused say? That her father did the shooting."

Learned counsel for defendant objected on the ground that the testimony had not been admitted.

The court warned the jury not to regard the statement or give it consideration.

The district attorney desisted from pursuing that line of argument.

The objection did not go further. This closed the incident.

A bill of exceptions was taken by learned counsel for defendant.

There is a slight difference in the account given. The district judge is quite clear in the statement that the remarks of the daughter before given were not brought out in direct examination, but on the cross-examination of the witness on the part of the defense, and that no objection was raised by counsel, and consequently no bill of exceptions taken, and that when the district attorney called attention to the remark, immediately after it had been made, he, in compliance with suggestion of counsel, warned the jury, if any such statement was brought out in the testimony, it was hearsay, not legal, and must be disregarded.

There was no prejudicial error of which the defense availed itself. There was no good ground of complaint.

The district attorney did not dwell upon the subject, and the court, we take it, counteracted the effect of the remark by his special instruction to the jury.

The accused must be considered as not having insisted upon the proposition that he had been injured in his defense, a conclusion at which we arrive because, as before stated, he took no bill of exceptions timely, and, if the mind of the jury was unduly biased by the words quoted, it does not appear that the defendant pressed his defense on this score by moving that the jury be discharged.

He took the chances of an acquittal, and, having taken those chances, he cannot on the rehearing urge grounds which he failed to urge in time.

It must be held that this ground is not here sufficient to justify us in setting aside the verdict and judgment.

This brings us to a consideration of the second ground of defense, which is that the remark of the district attorney, as before stated, had unduly influenced the jury.

The defense sought to prove that fact by offering in evidence on the application for a new trial the testimony of two witnesses who had conversed with a juror, who gave his reasons for agreeing with the finding of the other 11 members of the jury.

They propounded a direct question. The answer of the person who had served as a juror was equally as direct, and the reason given would prove, if admissible, that the statement of the district attorney was the controlling influence.

The affidavit was properly excluded by the court. The juror could not thus be heard to question his own act as a juror and cast discredit upon a verdict to which he had consented.

The effect, if such affidavits were admissible, would be to open wide the door toward setting aside verdicts.

It was the duty of the jury to closely consider instructions of the court. For reasons of his own, after the verdict, he cannot be heard to say in effect that he disregarded the instruction of the court, and that he was influenced by a remark of the district attorney, to which not sufficient im-

portance was given at the time to take a bill of exceptions. Doubtless the learned counsel deemed it best at the time and during the trial to accept the instruction of the judge before stated in regard to the remark. Afterward, on the application for a new trial, this incident was seized upon by the defense and made a ground for the application.

Such attempt to impeach the verdict cannot receive sanction. Repeated decisions have given rise to a consistent jurisprudence upon the subject.

In State v. Wallman, 31 La. Ann. 146, and State v. Fruge, 28 La. Ann. 657, proof was offered of a conditional verdict. It was excluded. The court held that such attempt at impeachment of a verdict would not be permitted.

There are cases in which affidavits are admissible of improper influence. State v. Wallman, cited supra, in which a sentence is quoted from a decision of the Supreme Court of the United States.

It may be inferred, from reasons before stated, the case in hand is not one of those cases.

The judgment is affirmed.