(51 South. 590.)

No. 18,049.

STATE v. PARKER et al.

(Jan. 31, 1910. Rehearing Denied Feb. 28, 1910.)

(Syllabus by the Court.)

1. CRIMINAL LAW (§ 1093*)—BILL OF EXCEPTIONS—SUFFICIENCY.

A defendant in a criminal action, who complains of the introduction in evidence, on the trial of the charge against him, of the testimony of a witness given at a preliminary examination of the case, but who died before the trial, must not simply recite, in the bill of exceptions embodying his objections and complaints in regard to that matter, that on the offering at the trial by the district attorney of the evidence given by such witness at such preliminary examination he objected to such evidence, for the reason that the stenographic notes gave only the style of the case, without setting forth before what judge the same was made; that they did not show that both defendants were present, nor that defendants were represented on the preliminary examination, nor who appeared in behalf of the state, nor show that said witness was sworn, and there was nothing to show that the deposition of the witness was taken under the supervision and direction of the district judge. The facts stated in the recitals as to the stenographic notes might be accepted as true, and yet the defendant have no legal ground of complaint of the proof of the testimony of such witness given on said preliminary examination.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1093.*]

2. CRIMINAL LAW (§ 1093*)—BILL OF EXCEPTIONS—SUFFICIENCY.

The trial judge having allowed the testimony of such witness on the preliminary examination to be introduced, the bill of exceptions must make it appear from its recitals that

[1]Ante, p. 560.

facts, circumstances, and conditions were not such as to have warranted and justified the trial judge in receiving the evidence. We cannot assume that the action of the court was erroneous.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1093.*]

(Additional Syllabus by Editorial Staff.)

3. CRIMINAL LAW (§ 730*) — ARGUMENT OF DISTRICT ATTORNEY—ACTION OF COURT.

If the district attorney in his argument stated that the people of the parish were anxiously awaiting the jury's verdict, appealed to the jury not to strike terror to the hearts of the people by acquitting accused, and stated that if they convicted them the jurors could go to their homes and be proud to say that they had sat upon the jury that convicted accused, and accused's counsel objected to the remarks, but made no request as to what the judge should do in reference to them, and the court noted the objection, and in its charge told the jury to pay no attention to extraneous matter used in argument, and that they were sworn not to consider anything said by the attorneys outside of the record, there was no ground for reversal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1693; Dec. Dig. § 730.*]

Appeal from Second Judicial District Court, Parish of Webster; R. C. Drew, Judge.

J. J. Parker and another were convicted of manslaughter, on a charge of murder, and the mentioned defendant appeals. Affirmed.

Roberts & Roberts and Blanchard, Barret & Smith, for appellant. Walter Guion, Atty. Gen., and J. N. Sandlin, Dist. Atty. (W. R. Percy, Stewart & Stewart, and R. G. Pleasant, of counsel), for the State.

NICHOLLS, J. The two defendants were indicted by the grand jury of Webster parish, charged with having murdered W. M. Montgomery. Both defendants were arraigned, pleaded not guilty, and asked for trial by jury. On trial of the case the jury returned a verdict of manslaughter against both defendants, with a recommendation of mercy to the court.

A new trial was prayed for on behalf of both defendants. The court granted the defendant Bob Parker a new trial, but refused the application as to J. J. Parker. The latter was sentenced to the penitentiary for

seven years, and he has appealed. During the trial defendant filed two bills of exceptions.

In bill of exceptions No. 1, it is recited that on the trial of the case the district attorney offered the evidence given by one Miss Mariana Montgomery, adduced at a preliminary hearing, after having shown that the said Miss Montgomery had died since the taking of said evidence and the trial of the defendants.

The defendants, through their counsel, objected to the reception of the evidence for the following reasons: That the stenographic notes gave only the style of the case, without setting forth before what judge the same was had, and, further, that the said stenographic notes did not show that both defendants were present, nor did it show that the defendants were represented at said preliminary examination by counsel, nor who appeared on behalf of the state, and, further, the said stenographic notes did not show that the said Miss Montgomery was duly sworn as a witness, and, further, that there was nothing to show that the deposition of Miss Montgomery was taken under the supervision and direction of the district judge.

The judge overruled the objection and stated his reasons as follows:

"The preliminary trial of the Parkers was held before me, under my order as judge of the Second district of Louisiana. Both defendants were present. The state was represented by District Attorney J. N. Sandlin, and defendants were represented by Roberts & Roberts. All the witnesses were sworn and gave in their evidence regular, including Miss Montgomery, to which ruling of the court the defendants by their attorneys excepted, and tendered this bill of exceptions, and prayed that the same be signed by the court and made part of the record in this case."

The second bill of exceptions recites that the district attorney in the course of his closing remarks used the following language:

"Gentlemen of the jury, the people of Webster parish are anxiously awaiting your verdict. I appeal to you gentlemen not to strike terror to the hearts of the people for Webster parish by acquitting these defendants. If you convict these defendants, when you go to your home you will be proud to say that you sat upon the jury that convicted the Parkers."

Counsel for defendants stopped the district attorney and objected to his above remarks, as the record would show in this case that considerable feeling existed between defendants, and that an application for change of venue had been made, but subsequently was abandoned; that under the circumstances the remarks were calculated to unduly prejudice the jury; and that the effect of the same could not be removed by any instruction of the court.

The judge overruled the objection made, for the following reasons:

"When the complaint was made to the court that the district attorney in his closing argument was going outside of the evidence by Counsel Smith for defense, I noted it, and when I charged the jury in the case I specially charged them that they must pay no attention to any extraneous matter used in argument by attorneys, but must try the case on the evidence adduced on the trial and the law given in charge by the court; that they were sworn to do that, and not to consider anything said by attorneys outside of the record in this case.

"As to the language of the district attorney when he used the expression 'strike terror,' I am not certain whether he said to the people in case of acquittal, or whether he used the language in reference to conviction would strike terror to the people contemplating the commission of crime.

"He and his associates say he used it in that sense. Defense contend that he said a verdict of acquittal would strike terror to the people. I was thinking over my charge to the jury at the time, and was not giving his remark special attention. Therefore I cannot be positive in this matter. To which remarks of the district attorney the defendants through their attorneys excepted, and tendered this bill of exceptions, and prayed that the same be signed by this court and made a part of the record in this case."

It may be conceded that defendants' counsel stopped the district attorney in the course of his argument to the jury, and objected to what he said; but no request or suggestion was made of the judge as to what he should do in reference to them. It is not claimed

that the district attorney persisted in remarks of the same character. Defendants assert that the appeal of the district attorney, once made, was of so prejudicial a character that the effect of the same could not be removed by any instruction of the court; in other words, the remarks of the district attorney per se could cause the verdict of the jury to be set aside. It appears from the bill of exceptions that the court noted the objections of defendants' counsel, and in his charge charged the jury that:

"They should pay no attention to extraneous matter used in argument by the attorneys, but must try the case on the evidence adduced on the trial and the law given in charge by the court; that they were sworn to do that, and not to consider anything said by the attorneys outside of the record in this case."

Counsel now say that the court should have said more; but they did not suggest anything more that could or should be said. We do not find that in the remarks objected to the district attorney attempted to bring as evidence in the case as establishing the guilt of the accused any fact not supported by the evidence. Exactly what was said was not shown (as might have been shown) following the provisions of Act No. 113 of 1896. The verdict of the jury is not one which would indicate any passion or prejudice on its part, while the action of the trial judge, refusing appellant a new trial, evidences his belief that the verdict was sustained by the law and the evidence. We do not find in the first bill of exceptions any ground for setting aside the verdict of the jury or the judgment of the court. In defendant's brief, after referring to the matter covered by the first bill of exceptions and noting the objections made by them, defendant's counsel quote section 1010 of the Revised Statutes and declare:

"That the stenographic notes taken on the preliminary examination did not show that any of the requirements of section 1010 were complied with; that it was a mere skeleton of the questions and answers of Miss Montgomery; that there was no evidence in the record to show that Miss Montgomery was sworn, or that the law was complied with; that the preliminary examination was had on May 25, 1909, and the trial took place in December, 1909; and that the bill of exceptions, wherein the judge states that all the legal steps were taken on the preliminary examination and everything was regular, was signed after December 14, 1909."

They quote the statement made by the district judge in his per curiam to the bill, and say:

"We submit that his statement that the law was complied with, made seven months after the preliminary examination was had, is not legal proof that could make the deposition of Miss Montgomery admissible under the law."

A defendant in a criminal action, who complains of the introduction in evidence, on the trial of the charge against him, of the testimony of a witness given at a preliminary examination of the case, but who died before the trial, must not simply recite in the bill of exceptions, embodying his objections and complaints in regard to that matter, that on the offering at the trial by the district attorney of the evidence given by such witness at such preliminary examination he objected to such evidence, for the reason that the stenographic notes gave only the style of the case, without setting forth before what judge the same was made; that they did not show that both defendants were present, nor that defendants were represented on the preliminary examination, nor who appeared in behalf of the state, nor show that said witness was sworn, and there was nothing to show that the deposition of the witness was taken under the supervision and direction of the district judge. The facts stated in the recitals as to the stenographic notes might be accepted as true, and yet the defendants have no legal ground of complaint of the proof of the testimony of such witness given on said preliminary examination.

The trial judge having allowed the testimony of such witness on the preliminary

examination to be introduced, the bill of exceptions must make it appear from its recitals that facts, circumstances, and conditions were not such as warranted and justified the trial judge in receiving the evidence. We cannot assume that the action of the court was erroneous.

We find no good grounds for setting aside the verdict of the jury, and the judgment of the court based thereon. The judgment appealed from is hereby affirmed.