No. 3622.

(Court of Appeal, Parish of Orleans.)

## SOUTHERN VEHICLE MFG. CO. vs. E. A. O'SULLIVAN.

L. H. Marrero, Jr., for plaintiff and appellee.

E. A. O'Sullivan, appellant, in propria persona.

ST. PAUL, J.—Plaintiff brought suit on three promissory notes and filed its demand in the Parish of Jefferson before the Twenty-eighth Judicial District Court. Defendant excepted to the jurisdiction of the Court "ratione personae." His exception was overruled by the District Judge, who assigned reasons in writing as follows:

"The evidence shows that defendant, in July, 1906, was living in St. Charles Street, corner Cadiz Street, in the City of New Orleans, Parish of Orleans. During the same month he left the City of New Orleans and spent the summer in the Town of Kenner, in the Parish of Jefferson; that in December of the same year he purchased the property on which he had been living as an invited guest. In the same month and year he sold his property corner St. Charles and Cadiz Street, and built a home on Cadiz Street. He has been living now at one home and now at the other; that his home in New Orleans is thoroughly furnished, and he intends there to return, for he says that he holds the Kenner property under a precarious title.

"Whatever might have been his **animus**, whether **manendi** or otherwise, he has failed to comply with the provisions of the law.

"This intention is proved by an express declaration of it before the recorders of the parish from which, and to which, he shall intend to remove.

**Civil Code, Art. 42.**

"The law relative to domicile is clear. Article 166 of the Code of Practice declares:

"If a defendant reside alternately in different parishes, he must be cited in that in which he appears to have his principal establishment or his habitual residence. If his residence in each appears to be nearly of the same nature, in such case he may be cited in either, at the choice of the plaintiff, unless he has declared, pursuant to the provisions of the law, in which of those parishes he intended to have his domicile.

— 4 —

See **Taylor vs. Bach, 17 An. 62; Vallee vs. Hansberry, 108 La. 136.**

"For these reasons the exception herein is dismissed."

We see nothing to add to this opinion.

The findings of fact are correct and based on the testimony of defendant himself; the conclusions of law are in accordance with the settled jurisprudence of the State.

See **Taylor vs. Bach, 17 An. 62; Villere vs. Butman, 23 An. 515-517; Evans vs. Payne & Harrison, 30 An. 498; Ansbacher vs. DeNeuve, 45 An. 988; Vallee vs. Hansberry, 108 La. 123.**

The exception was properly overruled.

On the merits it is contended that the judgment appealed from was rendered without evidence in support thereof, the notes sued upon never having been offered in evidence in the court a qua.

The note of evidence taken at the trial does not show that the notes sued upon were formally offered in evidence at the time; but they were annexed to and filed with the petition and formed part of the record. Defendant's answer admitted their execution; they were exhibited in open court, and a witness was interrogated upon them. This was a sufficient offering in evidence; no other or more formal offer was necessary.

**Temple vs. Barrow, 2 An. 141.**

The judgment appears to us to be correct.

For the reasons assigned, it is ordered that the judgment appealed from be **affirmed.**

November 29, 1910.

Rehearing refused January 10, 1910.