BREAUX, C. J. I dissent from the opinion denying the privilege.

I do not think that a municipal corporation can use materials furnished and successfully deny a privilege for its payment if the claim is presented in due form.

———

(63 South. 507.)

No. 20,000.

STATE v. BRANNON.

(Nov. 17, 1913.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 957*) — VERDICT — IMPEACHMENT BY JUROR.

A juror is not allowed to impeach his own verdict by a recital of the remarks made during the deliberation in the jury room.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2392–2395; Dec. Dig. § 957.*]

2. CRIMINAL LAW (§ 889*)—VERDICT—RECOMMENDATION TO MERCY.

Where the law fixes the penalty at hanging, it is not error for a court to refuse to accept a verdict of "guilty as charged and recommended to the mercy of the court," because such a recommendation would be ineffective in view of the unalterable penalty attached to a verdict of guilty of murder, and it was proper for the court to send the jury back to find one of the possible four verdicts which they could legally find.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2109, 2110, 2112; Dec. Dig. § 889.*]

3. CRIMINAL LAW (§ 911*)—NEW TRIAL—DISCRETION.

New trials are largely within the discretion of the trial judge.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2134; Dec. Dig. § 911.*]

4. CRIMINAL LAW (§ 1163*)—APPEAL—IRREGULARITY OF PROCEDURE — PRESUMPTION — CURE OF ERROR.

There is a presumption in favor of the regularity of a judicial proceeding, and, where the jury has been cautioned against paying any heed to the incautious remarks of the prosecuting officer, it will be presumed that they did so and that the accused was not prejudiced by them.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3090–3099; Dec. Dig. § 1163.*]

Appeal from Sixth Judicial District Court, Parish of Morehouse; B. C. Dawkins, Judge.

Oscar Brannon was convicted of murder, and appeals. Affirmed.

W. H. Todd, of Bastrop, for appellant. R. G. Pleasant, Atty. Gen., and Fred M. Odom, Dist. Atty., of Bastrop (G. A. Gondran, of Donaldsonville, of counsel), for the State.

BREAUX, C. J. The accused was indicted for murder, was tried and found guilty. The jury added to the verdict, "without capital punishment." He was sentenced to serve in the penitentiary for life. He prosecutes this appeal.

[1] The first ground urged by the accused through counsel on appeal is based upon the statement made by one of the jurors while the jury was deliberating upon its verdict. The statement was that this juror first mentioned said to his fellow jurors in substance:

It was very evident that the accused was guilty because of certain detrimental incidents mentioned by him. It seems that this juror made remarks to defendant's counsel after the trial confirming, it is said, the truthfulness of the affidavit referred to by defendant.

Counsel, while conceding that the forms of law had been complied with, urged that there was violation of the rights of the accused committed by the utterances of this alleged indiscreet and biased juror.

Trial by jury would not be serious if jurors were permitted to impeach their own verdicts by recitals of that which the jurors said in consultation in regard to the guilt of an accused. Also if what is stated to counsel by the juror after the trial could be used in the manner proposed. The finding of the jury cannot be thus discredited. A harmonious jurisprudence upon this point is decidedly opposed to allowing a second hearing to an accused upon any such ground. We cite two decisions upon this point. There are many others. State v. Cunningham, 123 La. 867, 49 South. 601; State v. Garig, 43 La. Ann. 365, 8 South. 934.

See, also, Marr's Criminal Jurisprudence, p. 718, § 426.

[2] The next ground urged by the defense to obtain a reversal is that the jury had found the accused guilty as charged and recommended him to the mercy of the court. That by the ruling of the trial judge he was made to lose the possible effect of that recommendation.

After the verdict had been found by the jury and they had returned into court, the court informed the jury that he would not accept the verdict of "guilty as charged and recommended to the mercy of the court." The court thereon directed the jury to return to their room of deliberation; said to them at the same time that there were four different verdicts they could render. At that particular time one of the jurors inquired of the court if they were to recommend the accused to the mercy of the court would the recommendation have any effect. The court's reply was that the law fixed the penalty.

The verdict had not been recorded at the time that the court ordered the jury to return to the room of deliberation. The order was given amply in time to have another verdict rendered. The court correctly refused to accept the first verdict.

When the jury returned into court, they reported that they had found a second verdict, to wit, guilty without capital punishment.

The recommendation, which seems to have given at least one juror some concern, would have been surplusage. State v. Jeanisse, 125 La. 360, 51 South. 290.

The point was directly decided in the following decisions and directly it was held that in capital cases recommendation to the mercy of the court is surplusage. State v. O'Brien, 22 La. Ann. 28.

There would be inconsistency between the recommendation to the mercy of the court and the verdict of guilty without capital punishment. In either case, the accused must suffer the extreme penalty of the law. There was no room for mercy. State v. Johnson, 30 La. Ann. 921.

In so many words, the court said in State v. Rosa, 26 La. Ann. 75, recommendations to clemency would be a mere surplusage. State v. Bradley, 6 La. Ann. 554.

In State v. Cook, 117 La. 114, 41 South. 434, a similar view was expressed by the court.

[3] In addition to the foregoing grounds to set aside the verdict, defendant referred to an affidavit made for a new trial grounded on newly discovered evidence. The point has no merit; it falls within the number of

decisions holding that new trials will not be granted when the evidence is of fact and within the discretion of the trial judge.

[4] The next complaint of the accused is directed against the district attorney and the denunciation on his part of the accused as a vagabond and for similar expressions. That the character of the accused was not at issue.

The district court stopped the assistant counsel for the state from using such language and instructed the jury not to be influenced by the utterances. The tendency to a prejudicial effect was removed by the instructions of the court to the jury to give the remarks no attention.

In State v. Mitchel, 119 La. 374, 44 South. 132, the decision is pertinent and decisive. There is a presumption in favor of the regularity of the proceedings and the verdict and sentence.

We have found no sufficient ground to set aside that presumption and grant a new trial.

Judgment affirmed.