(85 South. 631)

No. 23800.

STATE v. FARRIS.

(June 30, 1920.)

*(Syllabus by Editorial Staff.)*

1. Criminal law ⟨⟩1092(15)—Presenting copies of bills of exceptions to counsel for state after handing bill to judge held sufficient.

Where after the termination of a murder prosecution the trial judge hurriedly left for home, placing two bills of exceptions prepared by defendant's counsel in his pocket after marking them filed, and thereafter wrote his per curiam on them, and alleging that he mailed them back to the clerk, that copies were furnished state's counsel on the evening of the same day that the bills were handed to the judge *held* sufficient, although it is ordinarily the duty of counsel to submit such bills to the attorney for the other side before presenting them to the court.

2. Criminal law ⟨⟩1192—Evidence on remand held to show that objection had been made to remarks of district attorney.

Where, in a murder prosecution, the question arose on appeal as to whether objection had been made to certain remarks of the district attorney, and the case was remanded to determine such issue, evidence *held* to require a finding that the objection had in fact been made.

3. Criminal law. ⟨⟩723(3)—Remarks of district attorney in murder prosecution held improper.

Remark of the district attorney in a murder prosecution, "If you don't hang under this evidence, you might as well tear down the courthouse in De Soto parish," *held* improper.

Appeal from Twelfth Judicial District Court, Parish of De Soto; John H. Boone, Judge.

Luscius Farris was convicted of murder, and on appeal the case was remanded for the purpose of taking testimony. Judgment annulled and set aside, and case remanded.

See, also, 146 La. 523, 83 South. 791.

Liverman & Pollock and S. M. Atkinson, all of Mansfield, for appellant.

A. V. Coco, Atty. Gen., and W. M. Lyles, Dist. Atty., of Leesville (T. S. Walmsley, of New Orleans, of counsel), for the State.

DAWKINS, J. This case was remanded for the purpose of taking testimony in order to enable this court to determine whether or not objection and exception had been made to certain remarks of the district attorney in his closing argument to the jury. This has been done, and the matter is now before us for consideration.

The minute clerk, whose duty it was to keep a record of proceedings, swears most positively that the objection contended for by defendant was made, and that he, at the request of counsel, furnished the latter with two blank subpœnas, on which the notation thereof was made with the judge's consent

to form the basis of the disputed bill; that this was made necessary because the stenographer was called for and could not be found; that the bills were later drawn up by counsel for defendant, including the one in question, and presented to the court just at the close or adjournment for the term, and were filed and taken away by the judge. Both of the counsel for defendant, with equal positiveness, swear to the same state of facts. One of the deputy sheriffs also corroborates these witnesses, to the extent of saying that he was requested to call or look for the stenographer while the district attorney was making his argument, but the stenographer could not be found.

The judge and the district attorney say with equal certainty that, while the remark in question was made, no objection was urged thereto by counsel for defendant. The judge says that one of the counsel did pass near his stand and remark in an undertone that the counsel for the state was "going pretty strong," or words to that effect, and that he (the judge) expected objection to be made, but was impressed by the fact that it was not done. Three of the jurors were called and said that they remembered only one objection being made to the argument, and the sheriff gave similar testimony.

[1] The two bills were timely prepared by counsel for defendant and handed to the judge, who, because of the fact that the business before the court had terminated sooner than expected, was in the act of leaving for his home at Many, La., and put the same in his pocket, after being marked filed, and took them away with him. The judge says that he looked them over that night and wrote his per curiam on the one now in dispute, stating that no objection had been made to the remarks complained of, and mailed both back to the clerk the next day or the day following; while the deputy clerk who made the transcript and both counsel for defendant swear that they were not received at Mansfield for practically a month, and just about the time the transcript had to be forwarded to this court for filing. The district attorney says that he called the judge up a few days after court had adjourned at Mansfield, for the purpose of protesting against the bill in question because he contended no such objection had been made, and for the further reason that the bills had not been submitted to him before being presented to the court for signing; and that the judge informed him that he had noted the fact that no objection had been made in his per curiam to this bill, and had mailed them back to the clerk. However, during the evening of the same day that the bills were handed to the judge, copies were furnished counsel for the state, and, in view of the hurried departure of the court and other circumstances surrounding the matter, we think this was sufficient for the purposes of this case, although, ordinarily, it is the duty of the counsel to submit such bills to the attorney for the other side before presenting them to the court.

We are confronted with a very unusual and deplorable situation, due mainly, we think, to the irregular manner in which these exceptions were handled. They should have been disposed of by approval or disapproval of the court at the time they were presented, or the court should have informed counsel at once of its unwillingness to approve the one now in dispute. The weight of the evidence is in favor of the objection having been made. Three witnesses swear positively to the affirmative, while the testimony of the judge and district attorney is of a strong but negative character. The district attorney's attention was doubtless centered upon the argument which he was

making, and it is possible that the objection could have been made and he not have heard or remembered it, since the record shows that he was not stopped or any instructions given by the court to the jury on the occasion of either this or the other statement complained of in the other bill. The same conditions existed as to the jurors, who do not say positively that the objection was not made, and likewise with the sheriff, and who say that it could have been done without their hearing or remembering the fact.

[2] In view of all the evidence and circumstances, we, are constrained to hold that the objection was made, and that the defendant should have the benefit of it. We suggest that in future all objections be noted by the clerk or stenographer, as contemplated by the statute, and that in this way this unfortunate condition may be avoided.

[3] The remark of the district attorney, "If you don't hang under this evidence, you might as well tear down the courthouse in De Soto parish," was improper, and, in effect, meant that "If you do not convict, you have no regard for your oaths and the duty imposed upon you by the law as jurors in criminal cases," and that the machinery of the courts for punishing crime would, in that event, be useless in De Soto parish. The counsel for the state has not the right to throw the force of such an appeal into the scale against an accused, but should confine himself to a discussion of the case as presented, with such reasonable comment thereon as the evidence may warrant. State v. Blackman, 108 La. 121, 32 South. 334, 92 Am. St. Rep. 377, and authorities therein cited.

For the reasons assigned, the verdict and sentence appealed from are annulled and set aside, and this case is hereby remanded to the lower court to be proceeded with according to law.

O'NIELL, J., concurs in the result, for the reasons given in the opinion heretofore handed down by him. 83 South. 793.