(92 South. 298)

No. 25257.

**STATE v. HORTON.**

(May 22, 1922.)

*(Syllabus by the Court.)*

**1. Criminal law ⬅️720½—Not error for prosecutor to express opinion as to guilt if based on evidence.**

It is generally held to be error for the prosecuting attorney in his argument to the jury to declare his individual opinion or belief that defendant is guilty, in such manner that the jury may understand such opinion or belief to be based upon something which the prosecutor knows outside the evidence. * * * He may, however, argue that in his opinion defendant is guilty, where he states, or it is apparent, that such opinion is based on the evidence.

**2. Criminal law ⬅️1144(10)—Presumed that prejudicial effect of improper remarks of counsel cured by instruction to disregard.**

Except in extreme cases, the presumption is that the prejudicial effect on the jury of improper remarks made by counsel for the state was removed by the instructions of the court to the jury to disregard the same.

Appeal from Twelfth Judicial District Court, Parish of De Soto; John H. Boone, Judge.

Cordell Horton was convicted of manslaughter, and he appeals. Affirmed.

Liverman & Magee, of Mansfield, for appellant.

A. V. Coco, Atty. Gen., and J. B. Hill, Dist. Atty., of Many (T. S. Walmsley, of New Orleans, of counsel), for the State.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

ST. PAUL, J. The defendant was indicted for murder and convicted of manslaughter. He complains solely of certain remarks made by the district attorney in his closing argument, fully set forth in the following bill of exceptions:

"Be it remembered; That on the trial of this case, and while the district attorney was presenting his argument to the court, he used the following language to the jury: 'Gentlemen, in conclusion I can only say in the language of the ignorant negro witness, who said, *"If one can shoot down a man like that for nothing and get out, then let us all do it and kill us one."*'

"(Whereupon) counsel for the accused immediately objected to the remarks of the district attorney and reserved this bill of exception.

"By the Court: Language about as above was used by the district attorney in his closing argument. The witness had made the remark quoted by the district attorney, and there was no objection made to the negro witness making the remark while he was on the stand. However, the court immediately instructed the jury to disregard all remarks of the district attorney not founded on the evidence adduced upon the trial; that they (the jury) were to be governed solely by the evidence given by the witnesses in the case and the law as charged by the court. This was reiterated in the general charge.

"To which counsel for the accused objected, reserving this bill of exception," etc.

I.

[1] The ground of complaint is thus set forth in the brief filed on behalf of defendant:

"The remark to which counsel excepted was an expression of opinion of the district attorney

and an appeal by him, just as truly and as completely as if he had used it without quoting the old negro. * * * It is a well-settled principle of law that the district attorney, in addressing a jury, is not permitted to add to the probative force of the testimony adduced upon the trial the influence of his personal belief as to the guilt of the accused."

We are not aware that this court has ever said *deliberately* that "a district attorney is not permitted to add to the probative force of the testimony adduced the influence of *his personal belief as to the guilt of the accused,*" meaning thereby even though based on the evidence adduced. For the expression in Covington v. Roberson, 111 La. 326, 328, 35 South. 386, was purely obiter, and in a *civil* case; that in State v. Clayton, 113 La. 782, 786, 37 South. 754, was practically so, since the remarks of the district attorney were held only improper but not prejudicial (even though the district judge did not interfere); and State v. Riggio, 124 La. 614, 618, 50 South. 600, has *no application whatever*, since in that case the district attorney had expressed no opinion, but had actually dragged in that of the district judge *at the preliminary examination.* On the contrary this court said in State v. Johnson, 119 La. 130, 133, 43 South. 981:

"The district attorney should always be careful not to go beyond proper limits, and not to take positions in argument that are *not sustained by the testimony;* but he is within reasonable bounds *permitted to argue the case with some degree of freedom,* to the extent necessary in presenting the cause." (Italics ours.)

And in State v. Reeves, 129 La. 714, 727, 56 South. 614:

"The point here also is in regard to the language of the district attorney in his address to the jury in his closing argument. He said that 'under the evidence the verdict was demanded.' As stated by the district judge in the per curiam, the language was not legally objectionable. It afforded no good ground for complaint. *The inference is reasonable he thought that there was ground for conviction. He gave expression to the object of the prosecution he was conducting.*" (Italics ours.)

And indeed, if the prosecuting officer be worthy of the least confidence, then the very fact of his conducting the prosecution is evidence of *his personal belief in the guilt of the accused;* and the jury know it without being told. For it is quite certain that no jury would ever convict whilst under the belief that the prosecuting officer himself did not think the accused guilty.

Hence the farthest to which this court has gone was to hold that the district attorney should not be permitted to express his belief in the guilt of the defendant, basing it on *evidence not adduced before the jury.* Thus in State v. Iverson, 136 La. 982, 984, 68 South. 98, the defendant was indicted jointly with another, and the district attorney said to the jury:

"I elected to try Iverson first, because I considered the case strongest against him. * * * I usually try what I consider to be my strongest case first."

And this court said:

"The district attorney should not have given these expressions of his opinion as to the guilt of the accused, *based upon his investigation of the case before the trial.* (Italics ours.)"

But the court even added:

"The only remedy then was for the district attorney to express his withdrawal of the improper remarks, or *for the judge to instruct the jury to disregard them.* * * * *As nothing was done to correct the errors complained of,* we have no reason to presume that they were not prejudicial to the defendant."

All of which is strictly in accord with well-settled principles based upon abundant authority, and thus laid down in Corpus Juris, vol. 16, p. 908, to wit:

"It is generally held to be error for the prosecuting attorney in his argument to the jury to declare his individual opinion or belief that defendant is guilty, in such manner that the jury may understand such opinion or belief to be based upon something which the prosecutor knows outside the evidence. * * * He may, however, argue that in his opinion defendant is guilty, where he states, or it is apparent, that such opinion is based on the evidence."

In the case before us the district attorney did no more than to point out (in language too forcible perhaps) that from the evidence adduced it appeared to him, as also to one who had actually witnessed it, that the homicide was wholly unjustifiable, and that to allow it to go unpunished would set a dangerous example to the community. And such remarks can scarcely be considered prejudicial. But in any event the trial judge promptly charged the jury *twice* to disregard these remarks; and this was as much (and more) than the defendant was entitled to. See infra.

## II.

For further ground of complaint the brief sets forth that,

"The district attorney in the above-quoted remark said to the jury, in effect: If you do not convict this man there is no use for the laws and the machinery of the courts. We may as well throw down all bars and permit every man to be a law unto himself, as well abandon all appeal to law and the enforcement of law as a failure, and permit all men to kill and slay without fear of punishment.

"We submit that it is not proper for a district attorney to throw the weight of such an appeal into a case, as such an appeal to a jury cannot result otherwise than in prejudice against the accused."

And the case is said to be "on all fours" with State v. Farris, 147 La. 663, 667, 85 South. 631, 632, wherein this court said:

"The remark of the district attorney, 'If you don't hang under this evidence you might as well tear down the courthouse in De Soto parish,' was improper; and, in effect, meant that, 'If you don't convict, you have no regard for your oaths and the duty imposed upon you by the law as jurors in criminal cases,' and that the machinery * * * for punishing crime would, in that event, be useless in De Soto parish. The counsel for the state has not the right to throw the force of such an appeal into the scale against an accused, but should confine himself to a discussion of the case as presented,

with such reasonable comment thereon as the evidence may warrant." Citing State v. Blackman, 108 La. 121, 32 South. 334, 92 Am. St. Rep. 377, and authorities therein cited.

[2] It may be quite true that so far as concerned the drawing of inferences from the remarks of the district attorney, the two cases are parallel; but right there the similarity ceases. For in the Farris Case (as also in the Blackman Case) the district judge did not interfere, although requested to do so, nor did he instruct the jury to disregard such remarks, whilst in this case the district judge interfered promptly, and *twice* instructed the jury to disregard the remarks. See State v. Farris, 146 La. 523, 528, 83 South. 791; Id., 147 La. 663, 667, 85 South. 631; also State v. Blackman, 108 La. 121, 124, 32 South. 334, 92 Am. St. Rep. 377.

"Except in extreme cases, the presumption is that the prejudicial effect on the jury of improper remarks made by counsel for the state was removed by the instructions of the court to the jury to disregard the same." State v. Heidelberg, 120 La. 300, 45 South. 256.

See, also, State v. McLofton, 145 La. 499, 82 South. 680; State v. Bacon, 138 La. 654, 70 South. 572; State v. Sinigal, 138 La. 469, 70 South. 478; State v. Carroll, 134 La. 965, 64 South. 868; State v. Parker, 125 La. 565, 51 South. 590; State v. Satcher, 124 La. 1015, 50 South. 835; State v. Cunningham, 123 La. 867, 49 South. 601; 16 Corpus Juris, 917.

In the remarks before us we see no "extreme case"; indeed we consider them hardly prejudicial at all to the accused, even had they gone unheeded, as did the same remark when it came out of the mouth of the witness who first made it.

### Decree.

The judgment appealed from is therefore affirmed.