Nelson v. Welch.

No. 12,953.

## NELSON v. WELCH.

TRIAL.—*Argument to Jury.*—*Misconduct of Counsel.*—*Material Error.*—Where, in a cause appealed from a justice of the peace to the circuit court, the plaintiff's counsel, in his closing address to the jury, states that the only object of the defence is to reduce the judgment obtained before the justice enough to throw the costs on the plaintiff, there is such misconduct as will require a reversal, although the language be withdrawn upon objection being made, unless the court promptly and explicitly directs the jury to disregard the improper statement.

SAME.—*Presumption that Improper Statements are Injurious.*—*Burden of Showing the Contrary.*—Such statements are presumably prejudicial to the adverse party, and the burden is upon the party offending to show that no injury resulted, or that all proper steps were taken to prevent injury.

From the Ohio Circuit Court.

*S. R. Downey,* for appellant.

*J. B. Coles,* for appellee.

MITCHELL, C. J.—Welch sued Nelson, on an account, before a justice of the peace in Ohio county. Both parties appeared; and after a trial there was a judgment against Nelson for $54.92. The latter appealed to the circuit court, where the case was again tried by a jury, who returned a verdict in favor of the plaintiff for $50.85, the reduction being within ninety-three cents of the amount necessary to carry the costs against the prevailing party.

The only question involved in this appeal relates to certain statements made by plaintiff's counsel in his closing address to the jury. It is recited in a bill of exceptions set out in the record, that the plaintiff's attorney during his closing argument made the following statement:

"The only object of the defence in this case is to reduce the judgment five dollars and throw this poor man into the costs. Their object is simply to reduce the judgment below fifty dollars." The bill proceeds as follows: "To this lan-

guage the defendant at the time objected, for the reason that it was improper and irrelevant, and brought before the jury that which had occurred in the verdict and judgment before the justice of the peace. Thereupon, counsel for the plaintiff stated to the court and jury as follows: ' I do not remember the exact words used, but if I have made the statement as Mr. McMullen has charged, it was improper, and I withdraw it and the jury should disregard it.' "

The foregoing is all that appears in the record having relation to the point in controversy, except that the statement of counsel as above set out, and the objection thereto, was assigned in the defendant's motion as one of the grounds for a new trial.

Without attempting to defend the propriety of the statement, it is contended in support of the judgment, that the trial court, with all the facts and circumstances before it, decided that there was no such misconduct on the part of the prevailing party as required the granting of a new trial, and that this court must hence presume in favor of the ruling below, until the record affirmatively shows an error which injuriously affected the rights of the appellant. The argument is, that in the absence of the evidence it does not appear but that a right result was reached. Besides, it is said, for aught that appears, the court may have set the whole matter right in its instructions to the jury, which are not in the record. Moreover, four of the jurors signed an affidavit, in which they affirm, that they arrived at their verdict by considering all the evidence in the case, wholly uninfluenced by any remarks of counsel, and, therefore, it is said, it affirmatively appears that no harm resulted from the remarks of counsel.

Statements such as those set out in the bill are presumably injurious and prejudicial to the adverse party, and the burden is upon the party offending to show that no injury resulted, or that all such steps were taken to prevent injury as

were proper under the circumstances. Thompson & Merriam Juries, section 439.

It is of course quite certain, if the plaintiff had been permitted, over objection, to introduce in evidence, in the regular way, the facts stated by counsel in his closing address, that the admission of such evidence would have constituted reversible error. Under no circumstances would it have been proper for the plaintiff to prove to the jury, in the legitimate way, that if their verdict should be less than fifty dollars it would result in throwing the costs on the plaintiff. If such evidence had been thus admitted, it would have been incumbent on the plaintiff to make it appear by the record that it had been withdrawn, with clear and explicit instructions from the court to the jury to disregard it; or that the verdict was unquestionably right notwithstanding the evidence erroneously admitted. *Pennsylvania Co.* v. *Roy*, 102 U. S. 451; *State* v. *Towler*, 13 R. I. 661.

Should the rule be different, when, by an unsworn statement which the party injured has no opportunity to rebut, and which was made, so far as the record discloses, with the approbation of the court, a train of incompetent and prejudicial facts is lodged in the minds of the jury? It is not enough for a party who so offends against the rules which should be observed in the administration of justice to retract. The jury may have been impressed more by the injurious statement than by the retraction, however politely made. Indeed, the retraction ingeniously made by counsel may aggravate the statement. When the party who is injured by the wrong calls for the intervention of the court by an objection, it will not do for the court to remain silent, leaving the matter of misconduct with the offending party and the jury. The court is bound to interpose when so called upon, and if an improper and injurious statement has been made without excuse, the effect of it should be erased from the minds of the jury then and there, by an emphatic and explicit admonition from the court.

The jury should be made to understand that in making the statement counsel violated the propriety of his position, and that if they did not wholly disregard it they would violate their duty as jurors.

So far as appears from the record the court remained silent when the objection was made. This is not enough. It is the duty of the offending party to make it appear, by the record, that nothing reasonably proper to be done was omitted in order to rectify the wrong and restore to the trial the fairness of which he presumably divested it. *Campbell* v. *Maher,* 105 Ind. 383; *Bessette* v. *State,* 101 Ind. 85; *Brow* v. *State,* 103 Ind. 133; *Shular* v. *State,* 105 Ind. 289 (302); *Farman* v. *Lauman,* 73 Ind. 568; *School Tp. of Rochester* v. *Shaw,* 100 Ind. 268; *Carter* v. *Carter,* 101 Ind. 450; *Bullard* v. *Boston, etc., R. R. Co.,* 2 New Eng. Rep. 899; *Bremmer* v. *Green Bay, etc., R. R. Co.,* 61 Wis. 114; *Brown* v. *Swineford,* 44 Wis. 282.

To that end it must appear that the court took cognizance of the statement objected to, and if it was injurious and improper, and made without provocation or excuse from the party objecting, that the matter was in some way set right. Even though the court may have done its utmost to repair the injury, if misconduct of the prevailing party has been such as to prevent a fair trial, if it was seasonably objected to and not waived, it still remains for the court to determine, upon a motion for a new trial, whether or not injustice may not have resulted. *Rudolph* v. *Landwerlen,* 92 Ind. 34.

If the offence is of such gravity as to prevent a fair trial before the jury then empanelled, it is within the discretion of the court, upon the motion of the injured party, to arrest the further progress of the trial, and empanel a new jury. The affidavits of the four jurors do not rescue the case. *Kinnaman* v. *Kinnaman,* 71 Ind. 417; *Jacques* v. *Bridgeport Horse R. R. Co.,* 41 Conn. 61; *Dougherty* v. *Welch,* 53 Conn. 558.

Nelson v. Welch.

The court should have sustained the appellant's motion for a new trial.

Judgment reversed, with costs.

Filed April 13, 1888.

## On Petition for a Rehearing.

ELLIOTT, J.—Where an attorney in addressing the jury makes a statement that he has no right to make, and that statement is of a material character, there is more than a harmless error.   The error of the court in declining to interfere will require a reversal, unless it clearly appears that the verdict is right on the evidence.   Where there is a conflict of evidence the error must be deemed prejudicial, and this must be presumed in the absence of the evidence.

The rule that presumptions will be made in favor of the trial court does not apply where the record affirmatively shows a material error. The case of *Shular* v. *State*, 1 05 Ind. 289, is not in point.

Where counsel make an improper statement of a material character, the only method by which its influence can be neutralized is by the prompt and decided interference of the court.   A mere retraction by counsel is not enough where the opposing counsel properly invokes the aid of the court.

Petition overruled.

Filed June 19, 1888.