The opinion of the court was delivered by
Breaux, J.
The defendant was convicted of keeping a disorderly brothel and was sentenced to one month in parish prison, and to pay a fine of three hundred and one dollars, and in default of paying the fine to two months additional in the parish jail. From this sentence she appeals.
She relies for reversal of the verdict and sentence on a number of bills of exceptions, reserved to the ruling of the trial judge.
EXAMINATION ON VOIR DIRE OF JUROR TENDERED.
The court’s recitals in bill of exceptions No. 1, to the exclusion of juror, are that the juror had been accepted by the State without having been interrogated as to any opinion about the case.
He had been accepted by the defendant, but had not yet been sworn. The unsworn juror at that time informed the court that he had not been asked if he had formed an opinion.
The District Attorney applied for permission to reopen the examination, to which counsel for the defendant objected on the ground that it was too late, and urged that the juror should be sworn.
The bill of exceptions does not show that the juror accepted by the *1012 State and the defendant had been pronounced competent by the court, and that he had been directed to take the oath.
It is the general rule to urge all objections to a juror before he has been sworn. State vs. Diskin, 34 An. 920.
The re-examination should not be opened as a general thing after the juror has been pronounced competent and has been called to the book to be sworn. But if, prior to pronouncing him competent, the court has good reason not to be satisfied with his competency questions may be propounded by the court without thereby committing an error. The court’s attention having been called to an oversight, it directed the District Attorney to examine the juror upon the point overlooked and none' other.
This Court must presume that the trial judge properly exercised the discretion with which he is entrusted. Belt vs. The People, 97 Illinois, 466; Hendrick’s Case, 5th Leigh, 709; Wharton’s Crim. Law, 7 Ed., Sec. 3130.
NO PRE JUDICAL ERROR PROVED.
The second, third and fourth bills of exceptions were taken to the court’s rulings and refusal to permit counsel for the accused to propound questions to a juror on his voir dire.
The following is, in substance, ohe statement of the court, copied in the bills of exceptions:
That the juror answered on his voir dire that he had formed a fixed and unalterable opinion which could not be changed by any evidence.
He was challenged by the District Attorney for cause. The court sustained the challenge and ordered the juror to stand aside.
The request of the counsel for defendant was refused, the court states, for the reason that the juror on account of the bias shown by him was incompetent.
Counsel for the State and counsel for the accused should have reasonable opportunity to ask the juror such questions as may test his competency.
We would feel compelled to remand the case if the error appeared, prejudicial to the accused.
The records do not disclose that the accused had exhausted her peremptory challenges.
She, therefore, was not, because of the ruling excluding the juror, compelled to accept an objectionable juror.
*1013 She had in her control the remedy the peremptory challenge secures. Wharton Crim. L., 7 Ed., Vol. 3, Par. 3152.
Moreover such error, that is an error in a ruling rejecting a juror, is not, as a general thing, as prejudicial as an error committed in a ruling selecting a juror.
The principle is laid down always subject to the limitation that prejudicial error in an appealable case is not always subject to review. “ Where a cause has been tried by an impartial jury, although the judge, on the application of one of the parties and against the consent of the other, may have rejected a juror for a cause of questionable sufficiency, such rejection does not afford a ground of complaint if justice has been done in the premises. ’ ’ Thompson and Merriam, Sec. 271.
AN IRRESPONSIVE ANSWER.
The sixth bill of exception was taken to the court’s ruling permitting the prosecution to ask the witness the question: “ Prom the general surroundings and things seen and heard, what kind of house did he think it was?” The question did not elicit the answer sought.
The witness replied negatively. “He did not know whether it (the house) was a brothel or not’ ’ is the answer stated in the bill of exceptions. The purpose of the prosecuting officer in propounding the question was defeated by witness’ answer, and there is in consequence no issue for decision. The objection is unsupported by the facts, and therefore unfounded.
THE COURT’S DISCRETION PROPERLY EXERCISED.
A bill of exception was taken to the ruling of the court permitting the prosecuting officer to ask the sheriff, who was testifying as a witness, to give the names of persons who had spoken to him on _ the subject at issue.
It was legitimate and proper to seek information appertaining to the issues of the case and obtain the names of those who had spoken to the witness about the house kept, it was charged, by the defendant as a brothel.
IRRELEVANT QUESTION:
The eighth bill of exceptions shows the following :
That the witness is a lawyer. He testifies that the accused kept a bawdy house. He was asked to name the persons who had spoken *1014 to Mm on the subject, to which he replied that he had spoken about it to the judge and other officers of the court.
The defendant, availing herself of the statement, sought to obtain from the witness an expression of opinion regarding the effect of his own utterances, in contributing to the bad reputation charged upon her.
The witness declined to answer, on the ground of the unfairness of the question propounded.
The trial judge states:
“ Before objection to answer by the witness the District Attorney suggested that the question was objectionable, but as the witness was a lawyer he left it to him- to answer or not; whereupon the witness appealed to the court, and announced he would not answer the question unless compelled to do so by the court. The court, considering the matter sought to be elicited by the question to be utterly irrelevant, ruled that the witness was not bound to answer.”
In declining to answer, the witness did not add to or detract from the effect of his testimony. Any answer responsive to the question would have been irrelevant.
“ We must,” says Mr. Wharton, in his book on Criminal Evidence (p. 472), “ again notice the important distinction between questions in chief, whose object is tojbring out facts important to the maintenance of public justice, and questions in cross-examination, whose object is merely to harass a witness.”
NO APPARENT INJUSTICE.
Counsel for the defendant also complains of the refusal of the trial judge to grant him time to write the question propounded to this witness, so that there would be no dispute about the nature of the question.
The defendant’s rights were not prejudiced by the refusal.
Had the judge a quo agreed with defendant’s counsel in the statement that the District Attorney remained silent until after the witness refused to answer and the court had ruled in the witness’ favor, the result would have been the same.
A witness may of his own motion, without the assistance of the District Attorney, provoke a ruling of the court, protecting Mm from answering a question not material to the issues involved and *1015 relating to the effect of his own utterances in establishing defendant’s reputation.
BAD REPUTATION WITH OTHER EVIDENCE ADMISSIBLE TO ESTABLISH OTHER CHARGES.
Bills of exceptions were taken to the court’s ruling in admitting testimony to establish the bad reputation of the house of the defendant.
It is not shown by the bill of exceptions that the testimony of bad reputation was the only evidence received, and that there was no ■other testimony admitted to establish the ill fame.
Reputation accompanied with other evidence, showing that the house has actually been resorted to for the purpose of prostitution, is admissible as tending to establish the offence. State vs. Mack, 41 An. 1081; Drake vs. State, 17 N. W. Reporter, 117; Wood’s Law of Nuisance, 40.
THE REQUESTED INSTRUCTION PROPERLY REFUSED.
The defendant requested the trial judge to charge that “ direct evidence is stronger and overturns evidence as to general reputation.”
This is preceded by the statement of defendant’s counsel, in the bill of exceptions, that the State examined five witnesses, three of whom testified as to the general reputation of the house, and ten of whom testified as to particular facts from personal knowledge, that the house was a beer saloon.
This statement did not receive the approval of the court a qua, whose recitals in the bill of exceptions are that the evidence of the two witnesses on the point was more in the light of negative than affirmative testimony, and that he had fully charged the jury on the subject matter.
Credibility is determined by the jury, under such instructions as may be given by the court.
The defendant was without right to instructions to the ljury that would have accentuated the difference between the testimony of two ■of the witnesses who swore to certain facts, thereby discriminating from the testimony of three witnesses who testified as to the ill fame of the house in the community.
Moreover, it was not the duty of the court to instruct the jury *1016 that evidence of general reputation was subordinate to and of no importance as compared with direct evidence.
The bill of exceptions does not establish that these witnesses were the only witnesses who testified, and that upon their testimony exclusively the case was decided.
Principles should be laid down to guide the jury in weighing testimony, but it is not incumbent upon the court to instruct the jury that testimony of certain witnesses to prove certain facts is of more weight than testimony offered to prove reputation.
The court properly declined to give the instructions tendered.
This completes the review of the proceedings, and we find no ground to set aside the verdict and sentence.
Judgment affirmed.