(63 South. 305.)

No. 20,003.

STATE v. DWYER.

(Oct. 20, 1913.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 1163*)—APPEAL—ARGUMENT OF COUNSEL—PRESUMPTION OF PREJUDICE.

Where the district attorney went outside of the record to brand the accused as a coward and a criminal, and also as an ex police officer dismissed for serious causes, his remarks will be presumed to have injured and prejudiced the accused. In such a case, where objections were made, and the trial judge did not rule on the same, and did not interpose in any manner, but, after charging the jury, at the special request of the district attorney, instructed the jury in general terms to disregard all remarks of the district attorney, which were objected to by counsel for the accused, *held,* that such belated instructions were insufficient, and that the judge should have interposed when the objections were made.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3090–3099; Dec. Dig. § 1163.*]

2. CRIMINAL LAW (§§ 724, 730*)—ARGUMENT OF COUNSEL.

The remark of the district attorney in the course of his argument to the effect that any man who heard the testimony, and could then say the accused was not guilty, was a worse coward than the accused, *held* to be highly improper, as tending to unduly influence the jury in the discharge of their functions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1679, 1693; Dec. Dig. §§ 724, 730.*]

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; P. E. Edrington, Judge.

John R. Dwyer was convicted of cutting and wounding another with intent to kill, and he appeals. Reversed and remanded.

Adams & Generelly, of New Orleans, and Robert L. Rivarde, of Gretna, for appellant. R. G. Pleasant, Atty. Gen., and L. H. Marrero, Jr., Dist. Atty., and C. A. Buchler, both of New Orleans (G. A. Gondran, of Donaldsonville, of counsel), for the State.

LAND, J. The accused, charged on information with the crime of cutting and wounding one Rudolph Engler with intent to murder, was found guilty of cutting and wounding with intent to kill, and was sentenced to imprisonment in the state penitentiary for the term of three years. The accused has appealed, and relies for reversal on several bills of exception, only one of which need be considered.

Bill No. 3 was reserved to certain remarks made by the district attorney and assistant counsel in the course of their respective arguments before the jury. The remarks of the latter, while improper, were withdrawn on objection of counsel for the accused. The

remarks of the district attorney as stated in the bill were as follows:

(1) "There is not a man or woman in this courtroom who believes he didn't intend to empty that pistol."

(2) "I say that any man or woman who heard that testimony that has been given—the sworn testimony of the witnesses in this case—and can then say that this man is not guilty of this crime, he is a worse coward than Dwyer himself."

(3) "Is there any doubt in your mind that this accused cut this other man with his knife? If there is, turn him loose, but don't turn him loose just because you have the power to do it. If you do, you are a worse criminal than John R. Dwyer, and that's going some."

(4) "If you turn this man loose, I want the responsibility to lie where it should, and not with me. I don't know how he got off the police force in Nashville; but I never saw a police officer get off the force unless he was shoved off, and they don't shove them off for nothing either."

(5) "He is too cowardly to do anything but cut you from the back."

All of these remarks were objected to at the time by counsel for the accused.

The bill recites that after the charge to the jury the court, at the request of the district attorney, instructed the jury to disregard said remarks.

It does not appear from the recitals of the bill that the judge below ruled on the objections to the remarks of the district attorney, or interposed in any way, until that official, after the charge to the jury, requested him to instruct the jury to disregard said remarks.

The notes of evidence show that the judge sustained the objection to remarks No. 1, supra, in the following words, to wit:

"The court will say it is for the jury to determine that."

And that thereupon the district attorney stated that he did not mean that the people present wanted any conviction, because they had nothing to do with it, and he hoped that the jury would not consider his remarks in that light. The notes further show that the district attorney then proceeded to make the remarks Nos. 2, 3, 4, and 5, supra, to each of which counsel for the accused objected, and reserved a bill of exception. The notes of evidence disclose no ruling of the judge and no explanation of the district attorney at the time as to any of these four remarks, but recite that—

"at the conclusion of the court's charge the district attorney requested the court to instruct the jury to disregard all remarks made by him in the course of the argument to which counsel for the defendant had objected," and "the court so instructed the jury."

[1] The attacks of the district attorney on the character and reputation of the accused are not shown to have been warranted by the evidence before the jury. The objectionable remarks of that official must therefore be considered as statements made outside of the record. The accused was branded before the jury as a coward and criminal, and held up before them as an ex police officer discharged for serious cause.

The remarks of the district attorney were made for the evident purpose of prejudicing the case of the accused before the jury, and are presumed to have had that effect. See State v. Thompson, 106 La. 362–366, 30 South. 895, 897. The belated instructions of the judge, given after his charge to the jury, and then only at the request of the district attorney, were insufficient to remove the prejudice implanted in the minds of the jury by the remarks of the district attorney. In State v. Thompson, this court, speaking through Monroe, J., said:

"Upon the other hand, there is ample authority in support of the doctrine that it is reversible error for the trial judge to fail, of his own motion, to give such instructions as will efface from the minds of the jurors the impression made by statements of counsel which are unauthorized and prejudicial. * * * Thus, in Nelson v. Welch, 115 Ind. 270, 16 N. E. 634, 17 N. E. 569, it was said that such statements—i. e., statements predicated upon matters dehors the record—'are presumably injurious and prejudicial to the adverse party, and the burden is upon the party offending to show that no injury resulted, or that all such steps were taken to prevent injury as were proper under the circumstances,' and that, 'where the party who is

injured by the wrong calls for the intervention of the court upon objections, it will not do for the court to remain silent, leaving the matter of misconduct with the offending party and the jury. The court is bound to interfere when so called upon, and, if an improper or injurious statement has been made, without excuse, the effect of it should be erased from the minds of the jury then and there by an emphatic admonition from the court. The jury should be made to understand that in making the statement counsel violated the propriety of his position, and that, if they did not wholly disregard it, they would violate their duty as jurors.' "

In the instant case, when objections were made to the remarks under consideration, the judge did not rule on the objections, but remained silent.

[2] The remarks of the district attorney to the jury to the effect that any of their number who could say on the evidence that the accused was not guilty was a worse coward than the accused were highly improper, as tending to unduly influence the jury in the discharge of their functions.

Under the facts and circumstances of the case as presented by the record before us, we are convinced that the remarks complained of prejudiced the accused, and that he did not have the fair trial to which every citizen is entitled under the Constitution and law of this state.

This conclusion renders it unnecessary to pass on the other exceptions.

It is therefore ordered that the sentence and verdict below be set aside, and the case be remanded for a trial de novo according to law.