## NORRIS v. WEST.

[No. 10,697.  Filed February 24, 1921.  Rehearing denied June 9, 1921.  Transfer denied June 9, 1922.]

1. APPEAL.—*Review.*—*Admission of Evidence.*—*Irresponsive Answers.*—In an action for personal injuries sustained by plaintiff when struck by an automobile, where a witness had testified without objection that there was an insurance plate on the automobile, the overruling of defendant's objection to a question as to the location of the plate was not prejudicial to defendant, where the answer made by the witness was not responsive to the question.  p. 393.

2. TRIAL.— *Witnesses.* — *Cross-Examination.*— *Automobile Collision.*—*Husband's Insurance against Loss while Defendant Drove Car.*—In an action for injuries sustained by plaintiff when struck by an automobile, where defendant's husband, testifying as a witness for plaintiff, had stated on direct examination that there was no insurance plate on the car, a question asked him on cross-examination by defendant whether he was insured against loss when his wife was driving the car, *held* incompetent as not being proper cross-examination, and as being immaterial.  p. 394.

3. TRIAL.— *Misconduct of Counsel.*— *Improper Statements in Presence of Jury.*—In an action for injuries sustained by plaintiff when struck by an automobile, where defendant's counsel, after objection to a question concerning an insurance plate claimed to have been on the automobile, asked what that had to do with the case, a remark, within the hearing of the jury, by plaintiff's counsel that opposing counsel know what it had to do with the case and knew who had employed him to defend the case was highly improper and merited a severe rebuke by the trial court.  p. 394.

4. APPEAL.—*Presenting Questions for Review.*—*Misconduct of Counsel.*—Error cannot be predicated upon misconduct of opposing counsel in making improper statements within the hearing of the jury, where the court was not asked by motion or

in any other manner to make a ruling in the premises and no ruling as to such matter was made. p. 394.

5. MUNICIPAL CORPORATIONS.—*Use of Streets.*—*Automobile Accidents.*—*Law of Road.*—*Instructions.*—In an action for injuries sustained by a bicycle rider when he was run down by an automobile going in the same direction, where the evidence showed that the traveled part of the roadway was about ten feet wide, and that plaintiff was riding near the righthand curb when defendant drove her machine immediately back of plaintiff to pass another automobile going in the opposite direction, and an instant later struck plaintiff, *held* that it was not error to give instructions that it was defendant's duty to turn, at the time in question, to left side of the road. p. 395.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by Charles West against Alice H. Norris and another. From a judgment for plaintiff against the named defendant, she appeals. *Affirmed.*

*Van Brunt & Harker* and *Fenton, Steers & Harryman,* for appellant.
*William Robinson* and *Earl B. Stroup,* for appellee.

ENLOE, J.—The appellee brought this action against the appellant and her husband to recover damages to person and to property, alleged to have been sustained by appellee, by reason of the alleged negligent conduct of appellant in the driving and management of an automobile, whereby she ran into appellee, while he was riding a bicycle in a roadway in a public park in the city of Frankfort, thereby throwing him to the ground, breaking and destroying his said machine, injuring his clothing and inflicting upon appellee permanent bodily injuries. A separate demurrer to the complaint, interposed by the husband of appellant, was sustained, and thereafter said cause proceeded against appellant, as sole defendant.

The cause was submitted to a jury for trial which returned a verdict in favor of appellee and assessed his

damages at $1,500.   Appellant's motion for a new trial having been overruled she prosecutes this appeal, and has assigned as error the action of the court in overruling her said motion.

Under this motion appellant presents the following: (1) Error in admitting certain testimony; (2) error in excluding certain offered testimony; (3) misconduct of counsel of prevailing party; (4) error in giving certain instructions; (5) excessive damages; (6) verdict not sustained by sufficient evidence; and (7) the verdict is contrary to law.

We shall consider the alleged errors in the above order.

A witness who had testified that he was only a short distance away when the accident happened, and had heard somebody "yell," and had then turned and looked and saw the machine dragging the appellee before it was stopped, had further testified in response to questions, and without any objection on the part of counsel for the appellant, that the machine which struck and ran over appellee was "a six-cylinder Paige," and "that it had an insurance plate on it."   He was then asked as to the location of the insurance plate on the said car, and to this question an objection was made, as not being within the issues, which objection was overruled, and this action of the court is urged as error.   An examination of the record discloses that the witness did not answer this question.   The answer he made, as shown by the record, was in no way responsive to the question asked, and had appellant so requested the court doubtless would have stricken out said answer.   The action of the court in this matter presents nothing of which appellant can complain.

It is next urged that the court erred in sustaining the objection by counsel for appellee to a question pro-

pounded by counsel for appellant, to W. S. Norris, husband of appellant, while testifying as a witness for the appellee.

This witness had been asked on direct examination as to whether there was, at the time of the accident, an "insurance plate" on his car, and had answered

2. "No." On his cross-examination he was asked whether he was insured against loss *when his wife was driving the car*, and this was the question to which an objection was sustained.

This question was clearly incompetent. It was in no proper sense a cross-examination of the matter inquired about in the examination in chief. Also, this witness was not a defendant in this suit, and whether he had insurance protecting himself against loss while his wife was driving the car, could make no difference. Had he been a defendant in this suit, upon the record before us, quite a different question would be presented. There was no error in this ruling.

Complaint is next. made of misconduct on the part of counsel for appellee, during the progress of the trial.

It appears from this record that while counsel for appellee were examining a witness, a question was asked concerning the "insurance plate" herein before

3, 4. spoken of, and that counsel for appellant at once interposed an objection to the question, and then, addressing the court said, "What has that to do with this case?" Whereupon the attorney for appellee said, addressing counsel for appellant, in the presence and hearing of the jury, "You know what it has to do with it. You know who employed you to defend this case." These remarks were highly improper; they were entirely uncalled for; they could only tend to bring reproach upon the members of the bar, and discredit upon the individual member thereof, who would be so far forgetful of his high calling, as a sworn officer of the

court, whose highest aim should be "to assist in the due administration of justice," as to indulge in such, so-called sharp practice. Such conduct always merits a severe rebuke by the trial court. However, the appellant did not take any steps whatever in the matter of trying to nullify or render harmless the said act of the said attorney; he did not call upon the court, by motion or otherwise, to make any ruling in the premises, and no ruling, as to such matter was made. *Nelson* v. *Welch* (1888), 115 Ind. 270, 16 N. E. 634, 17 N. E. 569. The appellant, as said by the court in *Robb* v. *State* (1896), 144 Ind. 569, 43 N. E. 642, is in the position of one taking an exception to the conduct of the attorney, and not to any ruling of the court. No question is therefore presented for our consideration, as to this matter.

Appellant next complains of the action of the court in giving instructions Nos. 1, 9 and 10 of the instructions given by the court of its own motion. The 5. same objection is substantially made, to each of said instructions—that they do not correctly state the "law of the road," in this—that by said instructions, it was made the duty of the appellant to turn her machine, at the time in question, to the left side of the road. It must be obvious that what would be the so-called "law of the road," as to two persons traveling in the same direction, upon a broad street, improved from curb to curb, would not be the same, were the same persons traveling upon a narrow street. The specific duties of the respective parties vary with place and circumstances. It may well be, where the roadway is narrow, that one traveler who desires to pass another traveling in the same direction, should, in the exercise of that due care which the law requires, turn his machine to the left of the center of such roadway, so that he may pass with safety to the other traveler. There is testimony in this record, as set out in appellant's brief,

that the traveled part of roadway where the accident happened was about ten feet wide; that between the traveled portion and the curb was loose stone; that the appellee was traveling south, near the west curb; that the appellant, to pass another machine traveling in the opposite direction, had pulled out of the traveled roadway, to the right, and was driving her machine "right behind" appellee, at a distance of five feet from him, and that an instant later, her machine struck him. The instructions complained of, taken in connection with the evidence before the jury, were clearly right, and error cannot be predicated thereon. *Shook* v. *State, ex rel.* (1855), 6 Ind. 113; *Roots* v. *Tyner* (1857), 10 Ind. 87; *Thompson* v. *Thompson* (1857), 9 Ind. 323, 68 Am. Dec. 638.

Appellant next insists that the damages awarded are excessive. In view of the injuries sustained, as shown by the record, we think the amount of the award quite moderate. Appellant certainly has no just ground of complaint as to the amount of the award in this case. There is ample evidence to support the verdict. It is not contrary to law, and the judgment is therefore affirmed.