BRUNOT, J. A reconsideration of this case, with particular reference to bills of exception Nos. 4, 5, 8, 9, 10, 12, 13, 14, and 15, has confirmed us in the correctness of the conclusions of law which are expressed in our original opinion herein.

It is therefore ordered that the original opinion be reinstated and made the final judgment of the court.

O'NIELL, C. J., dissents.

(97 South. 458)

No. 26007.

### STATE v. BREAUX.

(July 11, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Jury** &copy;&rarr;130 — **Defendant entitled within proper limits to traverse state's challenge for cause.**

    Where state challenges juror on ground that he entertains scruples against death penalty, the court should permit defendant to traverse the challenge within reasonable and proper limits.

2. **Criminal law** &copy;&rarr;1166½(7)—**Erroneous sustaining of challenge, or erroneous refusal to permit traverse, not ordinarily ground for reversal.**

    As defendant only has right to object to obnoxious jurors, and not to select jurors, error in sustaining challenge for cause or in refusing to permit it to be traversed is not ordinarily ground for reversal.

3. **Criminal law** &copy;&rarr;368(3)—**Conversation between witnesses concerning homicide a few minutes later not part of res gestæ.**

    Conversation between witnesses about five or six minutes after homicide, and after one of them had gone to where deceased lay and re-

turned, and relating to what had just happened a few minutes before, was no part of res gestæ, and should have been excluded.

**4. Criminal law ☞730(12)—Argument concerning defendant's religious standing ground for reversal, when court refused to give instruction to disregard.**

Where there was no evidence concerning defendant as a religious man, argument of district attorney concerning his religious beliefs or lack of belief or his claimed sinfulness was improper, and, where court refused to charge that his religious belief had nothing to do with the case, required a reversal.

Land and Brunot, JJ., dissenting.

Appeal from Eighteenth Judicial District Court, Parish of Lafayette; William Campbell, Judge.

Joseph Breaux was convicted of manslaughter, and he appeals. Verdict and sentence annulled and set aside, and case remanded.

Kennedy & Roos, of Lafayette, for appellant.

A. V. Coco, Atty. Gen., and Percy T. Ogden, Dist. Atty., of Crowley (T. Semmes Walmsley, of New Orleans, of counsel), for the State.

OVERTON, J. On a bill of indictment charging defendant with murder, he was convicted of manslaughter, and was sentenced to the penitentiary for not less than nine and not more than ten years. Feeling that he was injured by some of the rulings of the trial court, he has appealed to this court for relief.

During the course of the examination of the prospective jurors on their voir dire, several of them answered, in response to questions propounded by the state, that they had conscientious scruples against the infliction of the death penalty. The state challenged these jurors for cause on the ground of their entertaining those scruples, and defendant requested permission to traverse the challenges thus made, but the court refused to permit the traverse.

154 LA.—11

[1] The trial judge states that he refused to grant the permission requested, because a defendant on trial in a capital case has no right to examine a juror as to his scruples against the infliction of the death penalty, and cites in support of his ruling State v. Compagnet, 48 La. Ann. 1470, 21 South. 46. In the case cited, the defendant sought to challenge a juror on the ground that the latter was opposed to the infliction of the death penalty. This court properly held that the defendant had no such right, and sustained the lower court in refusing to sanction the challenge. The decision rests upon the theory that the state alone is interested in ascertaining whether a juror entertains such scruples, and therefore alone has the right to initiate an inquiry as to whether the juror is opposed to the infliction of the death penalty, and alone has the right to challenge upon such ground. The decision, however, has no application to a case in which the state exercises its right to examine a juror to ascertain whether he is opposed to the death penalty, and challenges the juror, because the latter answers that he does entertain scruples against its infliction. In such a case, the court should permit the defendant to traverse the challenge within reasonable and proper limits. State v. West et al., 46 La. Ann. 1009, 15 South. 418.

[2] While we are of the opinion that the court should have granted the request made to traverse, yet we do not think that, in this instance, the error affords legal ground for complaint. The jurors were not forced on the defendant. The challenges were sustained. The right of an accused, in the impaneling of a jury to try him, is to object to obnoxious jurors, and not the right of selecting jurors. Hence, it follows that, if the court should err in sustaining a challenge for cause, the error is not regarded as affording the accused a legal ground of complaint, and therefore does not constitute reversible error.

The same rule applies when the judge errs by refusing to permit a challenge for cause to be traversed. State v. Claire and Gibson, 41 La. Ann. 1067, 6 South. 806; State v. West, 46 La. Ann. 1009, 15 South. 418; Marr's Criminal Jurisprudence 2d Ed. p. 697. It is possible, however, we think, that the error may be repeated in a case so often as to give the accused sufficient ground to complain, but such is not the case here. Hence the verdict will not be set aside because of the refusal of the trial judge to permit the traverse.

[3] Two bills of exception were reserved to permitting two witnesses for the state, Claiborne Olivier and Elze Cormier, to testify to a conversation that took place between them after the homicide. The defendant objected to the conversation on the ground that it was had out of the presence of the accused, and was hearsay. The court overruled the objection and admitted the conversation as part of the res gestæ. The conversation itself is not given in the bill. However, the bill shows that the conversation was had out of the presence of the accused, at the scene of the homicide, about five or six minutes after the fatal shot was fired, and immediately after Cormier, the witness with whom the conversation was had, had gone to where the deceased lay, and immediately after he had returned running, and the bill further shows, to quote from it, that the "conversation tended to incriminate and fix the blame for and the crime upon defendant." As the conversation took place five or six minutes after the unfortunate affair occurred, and as it had a tendency to fix the blame for the crime and the crime itself on defendant, we are justified in concluding that the conversation related to what had happened a few minutes before. As such, it constituted no part of the res gestæ, and should have been excluded. Wharton's Criminal Evidence (8th Ed.) §§ 262 and 263. See, also, State v. Howard, 120 La. 311, 45 South. 260.

[4] The district attorney, during the course of his closing argument, made the following remark to the jury:

"That defendant had never gone to Jesus and that he was in his sins for the past 17 years."

The district attorney also made comments as to defendant's orthodoxy and lack of religious belief. The defendant requested the judge to instruct the jury that the comment of the district attorney as to his religious belief had nothing to do with the case, but the judge refused to give the requested instruction.

The bill discloses that there was no evidence before the jury concerning defendant as a religious man, nor does the record disclose that defendant or his counsel provoked the remark. No reasons are assigned by our brother of the lower court for refusing to give the instruction. Under the circumstances, we feel constrained to hold that the bill has merit. The district attorney should not have gone outside of the evidence adduced on the trial to assert that defendant had no religious belief and was not orthodox, and to comment thereon, or to make the rest of the remark attributed to him. The remark and comments were such, in our view, as to create bias and prejudice in the minds of the jurors against defendant, and to deprive him of that fair and impartial trial which the law and the Constitution demands. The proper instruction from the court might and probably would have counteracted the effect of that part of the district attorney's argument, but the judge refused to give it. Under the circumstances, the error is fatal to the verdict. See State v. Bessa, 115 La. 259, 38 South. 985, and 16 C. J. p. 909, § 2258.

We have examined the bills in the record, not discussed in this opinion, but find no reversible error in them.

For the reasons assigned, it is ordered, adjudged, and decreed that the verdict of the jury and the sentence of court, appealed

from, be and the same are hereby annulled, avoided, and set aside; ·and it is ordered that this case be remanded, to be proceeded with according to law.

LAND and BRUNOT, JJ., dissent.