172 So. 528

**STATE v. HANEY.**

No. 34189.

Feb. 1, 1937.

Harvey G. Fields and John M. Hester, both of Farmerville, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and Walton E. McBride, Dist. Atty., of Ruston, for the State.

ROGERS, Justice.

The defendant appeals from his conviction and sentence on a charge of carnal knowledge.

There are nine bills of exception in the record. Bill No. 1 was reserved to the overruling of a motion to quash; bills Nos. 2 and 3 to the refusal of the trial judge to sustain challenges to two prospective jurors for cause; bills Nos. 4 and 5 to his sustaining objections to questions propounded on cross-examination to the prosecutrix and to another witness for the state; bills Nos. 6, 7, and 8 are directed at certain remarks made by the district attorney in his argument to the jury; and bill No. 9 was reserved to the overruling of a motion for a new trial, which motion merely reiterated the complaints contained in the bills reserved during the trial.

The case was submitted without oral argument. In their brief, counsel for defendant ask that the court closely scrutinize their complaints, but, with the exception of two of the complaints, they have not submitted any argument in support of their merits. The only complaints on which

any argument is submitted are those relating to the overruling of the challenges for cause and to the remarks of the district attorney in his argument to the jury.

Our examination of the record satisfies us that defendant's complaints, argued and unargued, are untenable. Neither error nor prejudice is shown in the rulings of the trial judge.

█ The wife of one of the challenged prospective jurors is a second cousin of the prosecutrix, and the other challenged prospective juror is related to her, in some undefined way, through her mother. The record shows that both prospective jurors are substantial citizens of the parish and that uninfluenced by their remote relationship to the prosecutrix could and would give the defendant a fair trial.

Under article 351 of the Code of Criminal Procedure, the relationship between the juror and the injured party must be such that it must be reasonably believed that it would influence the juror in reaching a verdict.

In State v. Phillips, 164 La. 597, 114 So. 171, this court declared that being a second cousin to the deceased does not disqualify a juror. And in State v. Carter, 167 La. 1080, 120 So. 864, this court declared that if his relationship by marriage to the prosecuting witness is not near enough to influence the juror he is a good juror.

██ In his argument to the jury, the district attorney referred to the defendant as "a brute" and stated "don't turn that brute loose." He also called the jury's

attention to the defendant's demeanor during the trial and on the witness stand.

The per curiam of the trial judge states the age, size, strength, and mentality of the parties and describes the particularly brutal manner in which the crime was committed, also defendant's demeanor during the trial and the manner in which he testified. The trial judge states that the remarks of the district attorney were justified by the evidence, and that he called nothing to the jury's attention that was not there for any one to see.

The use of denunciatory language is ordinarily objectionable, but it may be justified by the evidence. Thus, where the evidence showed the guilt of the accused, charged with incest with his own daughter, it was within the limits of legitimate argument to refer to the accused as a "monster." State v. Spurling, 115 La. 789, 40 So. 167. And in a prosecution for assault with intent to rape, the referring by the district attorney to the accused and his son as "these brutes" is not necessarily ground for reversal. State v. Morgan, 145 La. 585, 82 So. 711.

The cases of State v. Dwyer, 133 La. 731, 63 So. 305, and State v. Breaux, 154 La. 320, 97 So. 458, are not applicable to the facts presented in this case.

The demeanor of the defendant to which the district attorney referred was already apparent to the jury, who undoubtedly observed it. Therefore, the district attorney was only commenting on a situation of which the jury could take cognizance, or had a right to do so, especially in view of the fact that defendant was a witness

in his own behalf, and the discussion was relevant to that extent, as affecting his credibility as a witness. State v. Mc-Collough, 149 La. 1061, 90 So. 404. See, also, State v. Jordan, 151 La. 293, 91 So. 740.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

O'NIELL, C. J., absent.