PONDER, Justice.
 

 The defendant, Clarence Smith, was indicted for the murder of Albert J. Koehler, found guilty as charged by the jury and sentenced to death. From the conviction and sentence the defendant has appealed.
 

 Only one bill of exception was taken to the rulings of the trial court during the course of the trial. This bill of exception was taken to the overruling of defendant’s motion for a new trial. The motion for a new trial is based on two grounds, viz: first, that the verdict was contrary to the law and evidence; and second, that the district attorney made statements to the jury in his closing argument which were prejudicial to the defendant, dehors the record and of such a nature as to influence the jury.
 

 It is unnecessary to discuss the first ground set out in the motion for a new trial, viz., that the veidict was contrary to the law and evidence, because it is well established that a motion for a new trial predicated on these grounds presents nothing for review.
 

 
 *655
 
 The second ground set out in the motion regarding the remarks of the district attorney in his closing argument presents a more serious question.
 

 It appears from the per curiam of the trial court that the district attorney in his closing argument stated to the jury that the jury were the sole judges of the law and evidence but they had the right to draw whatever inference they chose from the evidence or lack of evidence. It is stated in the per curiam that the district attorney then argued that he inferred from the evidence, and the jury had the same right, if they agreed with him, to infer, that the deceased had been robbed on his first visit to the house of the accused and had. returned the second time to get his money. Counsel for the defendant objected to the argument and the court instructed the jury that they were the sole judges of the law and evidence, that the court had no right to comment on the evidence, and that if the remarks of the district attorney were not borne out by the evidence the jury had the right to and should disregard the remarks. No bill of exception was taken at that time. The question was presented in a motion for a new trial which was overruled by the trial court and counsel for the defendant reserved a bill of exception to the overruling of the motion for a new trial.
 

 While there are no notes of testimony in the record yet we find in the State’s brief it is stated that the evidence showed the deceased had stopped by the house where the accused and his common law wife resided. The deceased went in the house and chatted with the accused and his wife for a few minutes, during which time nothing improper or even of an argumentative or quarrelsome nature took place. The deceased left in the direction of a saloon and shortly returned to the home of the accused. The common law wife of the accused upon seeing the deceased approaching the house closed the door. The deceased called two or three times and knocked on the porch. When the deceased did not leave at once the accused slipped on his trousers, in which he had a large pocket knife, and went out on the porch and became involved in an argument with the deceased, resulting in the accused stabbing the deceased from which wound he died a few minutes afterwards. It appears from the facts in this case that there was no evidence introduced that tended to show why the deceased had returned to the house of the defendant.
 

 The State contends that the statements of the district attorney made in his argument as to inferences he drew from the evidence being entirely argumentative and justified by the evidence are not grounds for reversal. Counsel cites many cases determined by this court to that effect. It is not necessary for a determination of this question for us to discuss the decisions cited. Unquestionably the district attorney has a right to draw inferences from the evidence where they are justified by the evidence, but he would not have a right to draw inferences where there is no evidence to justify such an inference. From the record and especially from the brief of the State, it appears
 
 *657
 
 that there was no evidence whatsoever to the effect that the deceased had returned to the house of the accused because he had been robbed, or that the deceased had been robbed.
 

 In the case of State v. Dwyer, 133 La. 731, 63 So. 305, wherein the district attorney in his argument attacked the character and reputation of the accused, shown to have been unwarranted by the evidence before the jury, it was stated that the objectional remarks of that official must be considered as statements made outside the record. The accused in that case was branded as a coward and criminal and was held up before the jury as an ex-police officer discharged for serious cause. It was stated therein that the remarks of the district attorney were made for the evident purpose of prejudicing the defendant before the jury and are presumed to have had that effect. The instructions of the judge given to the jury after the court’s charge were insufficient to remove the prejudice implanted in the minds of the jury by such remarks. This court stated that under such facts and circumstances the remarks were prejudicial to the accused and set the verdict and sentence aside and granted a new trial.
 

 It is true that it is well settled that improper argument made by a district attorney is cured by the judge’s charge to disregard the remarks, but it is also well settled that in extreme cases where the remarks are calculated to influence the jury, or, are of such a serious nature as to have that effect, the improper argument is not cured by the judge’s charge to disregard. Many authorities are listed under Article 381 of the Code of Criminal Procedure in support of these propositions. Article 381 of the Code of Criminal Procedure provides that counsel may argue the law and evidence in the case to the jury but must confine themselves to matter as to which evidence has been received or of which judicial cognizance is taken. It also provides that counsel shall refrain from any appeal to prejudice. The remarks made by the district attorney in the instant case are dehors the record and are an accusation of an offense that is not supported by the evidence.
 

 Counsel for the State takes the position that the failure of counsel for the defendant to take a bill of exception to the remarks of the district attorney at the time they were made presents nothing for review, citing State v. Duvall, 135 La. 710, 65 So. 904, L.R.A. 1916E, 1264. Counsel also cites State v. Poree, 136 La. 939, 68 So. 83, to the effect:
 

 “An exception in the course of a criminal trial serves a double purpose. It makes clear that the party unfavorably affected by the ruling is not satisfied, but takes issue; and it sums up and preserves the precise term of the ruling for purposes of appeal. There must be an obj ection and an exception. Both of these are indispensable. Neither of them is attained by the objection alone.”
 

 Objection was made to the statements of the district attorney at the time they were made and the court endeavored to remove the prejudicial effect implanted in the minds of the jury by the remarks
 
 *659
 
 by its aforementioned instructions, but in our opinion the instructions were not sufficient to remove the prejudicial effect. Counsel for the defendant urged the trial court to grant a new trial in his motion for such, because of the injury the accused sustained by the remarks. The error complained of is of such a serious nature it would warrant this court to set aside the ruling of the trial court denying the motion for a new trial.
 

 For the reasons assigned the conviction and sentence are set aside and the case is remanded for a new trial according to law.