M-cCALEB, Justice (concurring).
I am not in accord with the ruling that the remarks complained of in Bill No. 13-constituted a comment upon the defendant’s, failure to testify, as the statement does not, either directly or by inference, make it plain that the Assistant District Attorney intended to -bring to the attention of the jury the fact that the defendant had not testified. See State v. Lewis, 156 La. 985, 101 So. 386 and State v. Antoine, 189 La. 619, 180 So. 465.
However, it is my opinion that the statement of the' Assistant District Attorney that, from the manner in which defendant observed the photographs of the scene of the crime, it was evident that “he was familiar with the actual scene of the crime rather than the photographs themselves” was an expression of his belief in defendant’s guilt, based upon defendant’s demeanor and not solely upon evidence adduced at the trial. Therefore, his remark was not only improper but was reversible error under the well-established *889 jurisprudence of this State. See State v. Clayton, 113 La. 782, 37 So. 754; State v. Accardo, 129 La. 666, 56 So. 631; State v. Iverson, 136 La. 982, 68 So. 98 and State v. Horton, 151 La. 683, 92 So. 298.[1]
In 53 Am.Jur. Section 486, it is stated that “ * * * it is universally 'held that remarks indicating the prosecuting attorney’s personal opinion that the defendant is guilty are not merely a 'breach of professional propriety and professional ethics but constitute legal error, considered in many cases so flagrant as to require a new trial or a reversal of the conviction”. To the same effect see 23 C.J.S., "Criminal Law”, § 1104. And, in Louisiana, it is held that even instructions by the judge to the jury to disregard the remarks do not cure the error. State v. Accardo, supra.
It seems obvious that the statement of the prosecutor in this case was intended, and can be regarded only, as an expression of his personal opinion of guilt, drawn from his visual appreciation of defendant’s demeanor or appearance when he was examining the photographs. And, since defendant had not taken the witness stand, any comment upon his physical appearance, or his outward reaction to occurrences during the trial, was highly improper. In 23 C.J.S., Criminal Law, § 1102, it is stated: “Except where 'his identity is in issue, or where the remark is in regard to his appearance while he was testifying, it is generally held improper to remark on the personal'appearance of accused, although the circumstances and the nature and language of the comment itself may take a particular case out of the general rule, as where there is no intimation in the remark that accused has a bad or guilty look.” [2] See also 53 Am.Jur. “Trial” Section 504.
*891 ■The presence of the accused at all stages of'the trial is required by law. Accordingly, since his appearance is involuntary he does not, where he has not taken the witness stand, submit his person as part of the evidence in the case and it is manifest that, to resolve otherwise, would be violative of the constitutional right of an accused against self-incrimination. Hence, it follows that' any comment as to his guilt, founded upon his demeanor or appearance at the trial, is not only unfair but falls, in my view,- in the same category as an expression by the district attorney of his personal opinion, not based on the evidence adduced.
For these reasons, I respectfully concur in the decree.

. Compare State v. Cascio (on rehearing), 219 La. S19, 54 So.2d 95, where it is held that the defendant cannot complain of the improper remarks when they are provoked by, and made in answer to, comments of his counsel provided that they are not of such a nature as to infringe upon defendant’s constitutional rights.

. In State v. Young, 114 La. 686, 38 So. 517, 518 (although it does not appear whether or not the defendant took the stand), the court adopted a conclusion apparently contrary to the above stated general rule as it is held that it was not objectionable to refer to the accused as “brutal” and that he had a “bull-like neck”. However, this case was decided long before the enactment of Section 381 of the Code of Criminal Procedure, which declares that counsel in their arguments “shall refrain from any appeal to prejudice”. See also State v. Spurling, 115 La. 789, 40 So. 167, where it was held that a remark by the prosecutor that the accused was a “monster” was not improper as the statement was supported by the evidence according to the per curiam of the trial judge. And compare State v. McCollough, 149 La. 1061, 90 So. 404 and State v. Haney, 186 La. 465, 172 So. 528, holding that comments upon the appearance of the defendants are not objectionable when they have taken the stand on their own behalf.