SUMMERS, Justice.
A bill of information charged appellant Leola Lasien with aggravated battery upon Josephine Shelton. After pleading not guilty appellant was tried, convicted and sentenced to serve three years in the penitentiary at hard labor. She has appealed, contending that error was committed at the trial by the prosecutor in his closing argument to the jury when he declared: "and at the same time, Leola Lasien — and there is evidence in this trial — shot her own daughter, who was Leola Lewis.”
Defense counsel’s objection to this statement was overruled, whereupon he reserved a bill of exceptions which was later perfected. Attached to the bill is an extract from the transcript which recorded the prosecutor’s statement, the objection of defense counsel, the ruling of the court and defense counsel’s reservation of a bill of exceptions. No other evidence is attached to the bill.
In his per curiam the trial judge set forth that testimony was admitted at the trial without objection, supporting the conclusion that defendant also shot her own daughter at the time she shot Josephine Shelton.
Defendant relies upon Article 770 of the Code of Criminal Procedure, the pertinent parts of which provide:
*89 “Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
ifc * * * * *
“(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
íjí * * * * *
“An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.”
Concisely stated, the central argument in defendant’s brief is that it was error for the State’s attorney in closing argument to refer to another crime having been committed by Leola Lasien because evidence of this nature, could not have been and was not introduced at the trial.
As we read the law, aggravated battery as defined by Articles 33 and 34 of the Criminal Code, insofar as this case is concerned, is the intentional use of force or violence upon the person of another committed with a dangerous weapon.[1] It is a crime requiring intent and, under statutory provisions of our criminal law, to show intent, evidence is admissible of similar acts, independent of the act charged. La.R.S. IS :445.[2] Thus when intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish intent. La.R.S. IS :446.[3]
Many decisions of this court have construed these enactments recognizing that the general rule does not permit evi *91 dence of other crimes, hut, at the same time, we have declared that Sections 445 and 446 of Title 15 of the Revised Statutes create exceptions to that general rule. These exceptions permit evidence of other crimes or conduct of a similar nature to establish intent. State v. Haddad, 221 La. 337, 59 So.2d 411 (1952). Article 770 of the Code of Criminal Procedure makes no change in this well-established rule but simply codifies this judisprudence. Clearly, then, since aggravated battery involves intent, evidence of another crime of a similar nature — appellant shooting her daughter — was admissible in this trial to show appellant’s intention to shoot Josephine Shelton.
The second premise of defendant’s argument is that no evidence of the fact the defendant shot her daughter was ever introduced. This assertion is refuted by the per curiam of the trial judge which emphatically sets forth that evidence in this regard was admitted without objection during the trial. The only refutation of this finding of the trial judge which would satisfy us would be a complete transcript totally devoid of any evidence on this point. Such a transcript was not made part of the bill, and we therefore accept the finding of the trial judge that evidence was admitted at the trial which would support the prosecutor’s statement.
Both of the premises upon which appellant relies are therefore faulty.
Two cases are cited and relied upon to support the defense: State v. Carite, 244 La. 928, 155 So.2d 21 (1963) and State v. Smith, 196 La. 652, 199 So. 791 (1941). In State v. Carite we found that a reference to previous arrests contained in the State’s argument contrary to Section 495 of Title 15 of the Revised Statutes,[4] which prohibits the admission of evidence of arrest, involved error warranting a new trial. There, however, we found this reference to arrests to be “beyond the scope of the evidence.” In like manner in State v. Smith we recognized that a statement by the district attorney in his closing argument charging defendant with another crime concerning which there was no evidence in the record furnished grounds to set aside the conviction and grant a new trial.
*93 It is apparent that these cases are not authority here. They involve statements by the prosecution not supported by the evidence, whereas the case at bar involves a statement of the prosecutor supported by evidence admitted at the trial.
The conviction and sentence are affirmed.

. Article 33 provides :
“Battery is the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another.”
Article 34 provides:
“Aggravated battery is a battery committed with a dangerous weapon.
“Whoever commits an aggravated battery shall he imprisoned, with or without hard labor, for not more than ten years.”

. La.R.S. 15:445 provides:
“In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction.”

.La.R.S. 15 :446 provides :
“When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend' to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged.”.

. La.R.S. 15 :495 provides:
“Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein. As amended Acts 1952, No. 180, § 1.”